COFFER *v.* STATE OF INDIANA.

[No. 29,659. Filed December 10, 1958.]

*Adeline C. Lehman,* of Washington, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was found guilty of entering a school house with intent to commit a felony therein, under §10-704, Burns' 1956 Repl. [Acts 1941, ch. 148, §5, p. 447.]

Appellant asserted as grounds for new trial, and here contends, that the verdict was not sustained by sufficient evidence. In particular appellant contends first, that there was not sufficient evidence to prove that appellant participated in the larceny of the building. Furthermore, he asserts that, assuming he participated in the larceny, there is no evidence to support the allegation that he entered the building with that prerequisite *intent.*

We consider the issue of intent first. Criminal intent to commit a specific criminal act may be presumed from the voluntary commission of the act. 22 C. J. S., Criminal Law, §34, p. 92. *Bleiweiss* v. *State* (1918), 188 Ind. 184, 119 N. E. 375, 122 N. E. 577. The testimony of Jaret Keith, an accomplice, was that "after we got in the car . . . he (appellant) made the statement that we should go over and break into the school house and so we did."

That he and appellant actually drove to the school house, entered through a window, took off the door of a storage room and stole a large quantity of "surplus foods," which they took to the apartment of appellant's girl friend. This evidence was sufficient to prove the prerequisite intent, providing the testimony could be believed.

Next we consider appellant's contention that his participation in the offense was not supported by evidence sufficiently convincing or credible to sustain the verdict. Appellant argues that the evidence consists only of the testimony of an accomplice which, in itself, should be accepted with caution, and that his testimony was incapable of belief beyond a reasonable doubt because of the conflicts in his testimony with that of other witnesses. In Indiana the testimony of an accomplice may be sufficient to convict without corroboration. *Ingram* v. *State* (1951), 230 Ind. 25, 99 N. E. 2d 410.

However, in this case the evidence of the accomplice is not without corroboration. Although she later denied it, appellant's girl friend testified that appellant and his accomplice left her house together on or about the night of the burglary and that later appellant and the accomplice had the same type of foodstuffs at her apartment building. Later the accomplice was heard to tell appellant to "get rid of it," which he did. This testimony provided substantial evidence in support of the testimony of the accomplice.

We have carefully examined the transcript of the evidence and conclude that it supports the verdict. Although there are minor conflicts in the evidence, there are no significant conflicts in the testimony, except in the testimony of appellant's girl friend who was produced first on behalf of the

state and later by the defense as an alibi witness. Faced with this conflicting testimony, it was the right and duty of the trial court, who saw and heard the witness, to determine the weight, if any, to be given to the testimony of this witness. *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N. E. 2d 184; *Bolton* v. *State* (1945), 223 Ind. 308, 60 N. E. 2d 742.

Judgment is therefore affirmed.

Landis, C. J., Arterburn, Bobbitt & Emmert, JJ., concur.

NOTE.—Reported in 154 N. E. 2d 371.