WHITSELL ET AL. *v.* STATE OF INDIANA.

[No. 30,617. Filed January 29, 1965.]

*John G. Bunner,* of Evansville, for appellants.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Assistant Attorney General, for appellee.

ARTERBURN, C. J.—This is an appeal from a judgment of the Vanderburgh Circuit Court convicting the appellants Whitsell and Hester of the offense of second degree burglary. Error is claimed in the overruling of the motion for a new trial on the ground that the

verdict was not sustained by sufficient evidence and was contrary to law.

The primary contention here is that the "breaking" into the property was not coupled with a specific intention to commit a felony, and therefore the crime of second degree burglary was not proved.

A brief review of the evidence shows that the appellants, Robert Eugene Whitsell and James Hester, along with an accomplice, John Morally, and Margaret Whitsell, were driving around in Morally's car. Morally stated that they were desperately in need of money, " . . . enough to try to do something drastic like break into a place, . . . " Eventually they drove up to the wholesale electronics store of Hutch & Sons, Inc. Someone in the group had said they had broken into the place before, and knew how entry could be made. Appellant Whitsell suggested that Morally ram the door of the building with his automobile. This was done and the door was sprung open, as one of them stated, far enough to get inside. Interesting to state, at this time the four left the scene for a "coffee-break". It is by this intermission that the appellants now attempt to show that there was no attempt to enter the building at the time the door was smashed. This is the first time this Court has been confronted with evidence of a "coffee-break" during the commission of a crime. After the group had had coffee, Morally and appellants. Hester and Robert Whitsell returned to the building, entered the same and took out seven radios, a tape recorder, a phonograph and other property found therein and loaded them into the car. About that time a police car drove up and the appellants, with Margaret Whitsell, jumped out of the car and fled. Morally was apprehended before he could get entirely away from the scene of the alleged crime.

We must agree with appellants' contention that there

must be an intent to break in to commit a felony or take property in order to constitute burglary. However, it might reasonably be inferred that the parties intended to commit the felony even though a "coffee-break" intervened between the employment of force used to create an opening and the actual entering later on. This is a question of fact which a jury may conclude from the related evidence.

In *Commonwealth* v. *Glover* (1873), 111 Mass. 395, at page 402, it is stated:

" . . . It has been decided that the breaking and entering need not be shown to have occurred on the same night. Thus, in *Rex* v. *Smith*, Russ. & Ry. 417, where the breaking occurred on Friday night, and the entry before sunrise on Monday morning, and both in pursuance of the same design, and separated only by what Mr. Justice Park called 'the natural accidents of the transaction itself', the indictment was sustained. . . ."

We have the evidence that the group, including the appellants, were looking for a means of relieving their financial distress and lacked money even for gasoline.

We have the further fact that one of the group had stated that he had participated in a burglary of the place previously. After the door was rammed by the car the statement was made by one of the number that the door was forced apart far enough to let them get in. This is all evidence of the state of mind of the appellants at the time the door was forced open. The state of a person's mind or his intentions can only be gathered from external acts, coupled with statements, and we believe there is sufficient evidence of that character here from which the jury could conclude that the appellants intended to enter the building for the purposes of taking property at the time of opening the door. *Coffer* v. *State* (1958), 239 Ind.

22, 154 N. E. 2d 371; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537.

We find no error committed by the trial court.

The judgment of the trial court is affirmed.

Myers, Landis and Achor, JJ., concur.

Jackson, J., dissents.

NOTE.—Reported in 203 N. E. 2d 832.