WOJCIK *v.* STATE OF INDIANA.

[No. 30,461. Filed March 10, 1965.]

*Donald M. Mosiman,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

MYERS, J.—Appellant was charged by affidavit with the crime of entering to commit a felony. He was tried and convicted by a jury of the crime charged and was sentenced to not less than one year nor more than ten years in the Indiana State Prison, pursuant to the Acts of 1941, Ch. 148, §5, p. 447, as found in Burns' Ind. Stat., §10-704, 1956 Replacement.

The only error assigned by appellant is the overruling of his motion for new trial in which he states three causes for a new trial: (1) That the verdict of the jury is not sustained by sufficient evidence; (2) that the verdict of the jury is contrary to law; and (3) that it was error for the court to overrule appellant's motion for discharge at the end of all the evidence on the ground that the State had failed to prove the defendant guilty beyond a reasonable doubt.

In regard to the first specification of error, it should be noted that on appeal this court will consider only that evidence which is most favorable to the State. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537. Also, it is well established that a judgment will not be reversed for insufficiency of evidence unless there is a total lack of evidence of probative value to support an essential element of the offense. *Pendleton* v. *State* (1959), 239 Ind. 341, 156 N. E. 2d 782.

The evidence most favorable to the State is as follows: In Indianapolis, Indiana, on October 21, 1962, at approximately 11:40 p.m., several police officers, in response to a radio alarm, went to investigate the premises of the Tabernacle Presbyterian Church. When Officer Bennett arrived at the scene, he saw appellant coming out of a window of the church at which time the officer arrested the man. Outside the window beside appellant, the officer found a claw hammer which later was identified as the property of the church. When asked about his activities, appellant told Officer Glesing that he had entered the church through a window. A further investigation revealed that a door had been forced open into one of the church offices where filing cabinets were located. A large filing cabinet was found to be damaged, bent and partly pried open. The cabinet in question had been locked and was not bent when it had been last observed earlier in the day. In addition, appellant made a statement to another officer that he had entered the church through an unlocked window to get money with which to purchase some food.

Despite the above evidence, appellant contends that it is insufficient to sustain the verdict. He argues that the oral confession is not competent evidence because, in his opinion, it is not corroborated by independent

evidence and that without such a confession, the evidence is insufficient to sustain the verdict.

We cannot agree with either of appellant's contentions. This is so because of several facts brought out by the evidence. First, appellant was seen coming out of the church window; second, there was definite evidence of an attempted break-in of the filing cabinet; and, third, church property, the claw hammer, was found outside the church beside appellant. These facts are some evidence from which the jury could have inferred that a crime of the type charged had been committed. Furthermore, even without the confession, there was sufficient evidence to uphold the jury's verdict since it is settled that the intent to commit the crime charged may be inferred from the voluntary commission of the act. *Coffer* v. *State* (1958), 239 Ind. 22, 154 N. E. 2d 371. Again, it is also well settled that the intent to commit the crime charged may be inferred from the surrounding circumstances. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537, *supra*. Consequently, under the circumstances of the instant case, the evidence is sufficient to support the verdict below.

Appellant's second specification of error to the effect that the finding of the court is contrary to law is also without merit for we have recently stated that:

" 'It is only when there is an absence of substantial evidence on an essential element of an alleged crime, or when the evidence is without conflict and leads to but one reasonable conclusion and the verdict of the jury reached a contrary conclusion, that the verdict will be disturbed as not being supported by sufficient evidence or as being contrary to law. *Bowens* v. *State* (1952), 231 Ind. 559, 109 N. E. 2d 91.' *Weaver* v. *State* (1963), 244 Ind. 314, 187 N. E. 2d 485, 488." *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727, 728.

In regard to appellant's third specification of error, this court has recently held as follows:

" 'It is thoroughly settled by the decisions in this state that a peremptory instruction directing a verdict in favor of the accused in the trial of a criminal case can only be given where there is a total absence of evidence upon some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference, and that inference is in favor of the accused. Where a determination of the issue involves the weight of the evidence or the credibility of witnesses, it is an invasion of the province of the jury for the court to direct a verdict. *State* v. *Kubiak* (1936), 210 Ind. 479, 4 N.E. 2d 193. *State* v. *Torphy* (1940), 217 Ind. 383, 388, 28 N. E. 2d 70." *State* v. *Patsel* (1960), 240 Ind. 240, 245, 163 N. E. 2d 602, 604.

With this in mind, we conclude that the evidence most favorable to the State, as discussed above, and all reasonable inferences that may be drawn therefrom, demonstrate that the court below correctly overruled appellant's motion for a directed verdict at the close of all the evidence.

Judgment affirmed.

Arterburn, C. J., and Achor and Landis, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 204 N. E. 2d 866.