FISHER *v.* STATE OF INDIANA.

[No. 30,634. Filed September 22, 1966.]

*Robert L. Wyttenbach, David B. Caldwell,* and *Wyttenbach, White & Caldwell,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Raymond I. Klagiss,* Deputy Attorney General, for appellee.

RAKESTRAW, C. J.—The appellant was charged by affidavit with the crime of robbery. After a trial to the court without a jury, the appellant was found guilty of the lesser-included offense of assault with intent to commit a felony, to-wit, larceny. The appellant was sentenced to the Indiana State Prison for a period of not less than one year nor more than ten years.

In his motion for a new trial, the appellant maintains that the finding of the court is not sustained by sufficient evidence, and that the finding is contrary to law.

In his assignment of errors, the appellant lists four specifications of error. Three of these specifications have to do with the sufficiency of the evidence to sustain a conviction. The other specification alleges error in admitting testimony relating to prior criminal offenses.

As to the admission of such testimony, it has long been held that in order to be available on appeal, all alleged errors arising prior to the filing of the motion for new trial must be made grounds for such motion for new trial, or they will be deemed waived. Supreme Court Rule 2-6. *Wagner* v. *State* (1963), 243 Ind. 570, 188 N. E. 2d 914; *Edwards* v. *Wyllie* (1964), 246 Ind. 261, 203 N. E. 2d 200.

Even if we disregard the rules with respect to the motion for new trial, the appellant does not set forth in his brief any specific objection that was made, or any specific questions or answers. An examination of the transcript reveals that there were five questions to the appellant on cross-examination having to do with prior convictions. There was no specific objection to any of the questions. The appellant did admit two specific convictions, the court specifically admonished the appellant not to answer a third question, and the simple objection "we object" was sustained by the court as to the fourth and fifth questions. The only testimony actually admitted was the simple admission of two convictions. Such convictions are admissible as affecting the credibility of the appellant, who chose to be a witness.

The other specifications of error all deal with the sufficiency of the evidence. Taking the evidence most favorable to the state, it appears that the appellant entered a house at about 10:00 p.m. with a pistol in his hands and told the occupants "this is a stick-up." He took six dollars from one Kermit C. Dunn, saying "you don't need this." He then searched Dunn and asked him if he had any more money. He then took

some more money from another occupant and ordered the occupants into an adjoining room, locked the door to such room and told them not to come out until they were told. Kermit Dunn testified that he had never seen the appellant prior to the robbery.

It is will settled that on appeal, the state is entitled to the most favorable version of the evidence, together with the reasonable inferences that may be drawn therefrom. *Myles* v. *State* (1955), 234 Ind. 129, 124 N. E. 2d 205; *Kallas* v. *State* (1949), 227 Ind. 103, 83 N. E. 2d 769. Taking such a view of the evidence, there was clearly enough evidence to support the conviction.

The apellant argues at great length in his brief that he had lost money gambling to the person alleged to be robbed, and that the taking of money from that person was therefore merely taking back his own money and not robbery. The appellant himself testified that he had been gambling with Kermit Dunn and others, and that he was taking back the money he had lost after he found that the dice used for gambling were loaded dice. This story is "supported" by testimony from a police officer who repeated the story told to him by the appellant after the arrest. The entire story as to gambling rests upon the testimony of the appellant and upon the statements made by the appellant.

Assuming without deciding that the appellant's interpretation of the law is correct and that it would not be robbery to take back money he had lost in crooked gambling, we still have before us merely a question of the credibility of various witnesses in the case. The credibility of the witnesses is to be determined by the trier of fact, and this court will not determine the credibility of witnesses. *Denson* v. *State* (1960), 240 Ind. 324, 163 N. E. 2d 749; *Anderson* v. *State* (1959), 239 Ind. 372, 156 N. E. 2d 384; *Ross* v. *State* (1933), 204 Ind. 281, 182 N. E. 865.

Since we find no error in the proceedings below, the judgment of the trial court is affirmed.

Arterburn & Myers, JJ., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 818.