REID *v.* STATE OF INDIANA.

[No. 30,951. Filed December 19, 1967.]

248

*Isadore D. Rosenfeld,* of South Bend, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

LEWIS, J.—This is an appeal from a conviction for statutory rape. Upon a plea of not guilty, trial was held without the intervention of a jury.

On appeal appellant raises these two alleged errors:

1. That the conviction was not sustained by sufficient evidence in that the State failed to prove venue.
2. That the Trial Court erred in granting a continuance to the prosecution over appellant's objection.

The prosecutrix testified that the offense in question occurred in the home of the appellant. A police officer testified that the appellant lived in St. Joseph County at the time of the crime. Venue need not be proved by the prosecuting witness alone, but maye be proved from the

totality of the evidence. In *Croy* v. *State* (1869), 32 Ind. 384, this Court held:

". . . It is true that no witness directly so testified, but we think that the venue of the offense clearly appears from the evidence. . . ."

The cases since this 1869 decision have consistently followed this reasoning.

On appeal from a criminal conviction where the sufficiency of the evidence is challenged, the Supreme Court cannot weigh the evidence but will consider only the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom to determine whether the jury was warranted in returning a verdict of guilty. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

We conclude that the testimony establishing that the incident occurred in the appellant's home and that the appellant lived in St. Joseph County at the time of the occurrence is sufficient evidence from which a jury would be warranted in believing that venue had been proved.

Moving to appellant's second contention, the record reveals that at the time set for trial, the prosecuting witness was not present. In addition, the prosecuting attorney had failed to endorse the name of this material witness on the affidavit as provided by Burns' Indiana Statutes, Anno., § 9-909, (1956 Repl.), the pertinent part of which reads as follows:

"When any such affidavit has been made, as provided in the last section, the prosecuting attorney shall approve the same by indorsement, using the words "approved by me" and sign the same as such prosecuting attorney and indorse thereon the names of all the material witnesses; after which such affidavit shall be filed with the clerk, who shall indorse thereon the date of such filing, and record the same as in the case of an indictment, as provided in section one hundred and thirteen [§ 9-904] of this act. Other witnesses may afterwards be subpoenaed by the state; but unless the

names of such witnesses be indorsed on the affidavit at the time it is filed, no continuance shall be granted to the state on account of the absence of any witness whose name is not thus indorsed. . . ."

When the prosecuting attorney discovered that the witness was not going to appear in time for the commencement of the trial, he moved for and was granted a continuance until 1:30 P.M. of the same day to present his witness.

The exact conduct of the parties at the 9:00 A.M. appearance and the 1:30 P.M. appearance must be presented. The cause was set for trial at 9:00 A.M. on the 16th day of December, 1965. The appellant appeared, in person and by counsel, and the State called for two (2) witnesses, neither of whom appeared. The State then moved for a continuance of the trial until 1:30 P.M. on the same day. The record is absent of any showing that the appellant objected to such continuance. In the afternoon session, at 1:30, that day, the State appeared by its prosecuting attorney. The appellant appeared, in person and by counsel, and the State had present the missing witness for the first time. The appellant, by counsel, then moved for discharge for the reason of the failure of the State to proceed to trial at the 9:00 A.M. setting on that same day. The Court overruled this objection and the appellant renewed his objection by objecting to the evidence of the State's chief witness, basing the objection on the grounds that the State had failed to proceed with the trial and that the Court had violated the provisions of Burns' Indiana Statutes, Anno., § 9-909, (1956 Repl.), set out *supra*.

It is to be noted that the appellant failed to object to the continuance when the continuance was granted at the morning session of Court, and the appellant did not interpose any objection until the afternoon session when the State's witnesses appeared.

We are compelled to conclude here that the appellant did not make timely objection to the ruling of the Court on the

State's motion for a continuance. This Court has held on a number of occasions that a party may not sit idly by and permit the Court to act, in even an erroneous matter, and then attempt to take advantage of the error at a later time. All objections to alleged errors should be made timely in order that the Trial Court itself should not be invited into the error and in order that the Trial Court's attention should be directed to the alleged erroneous ruling. *Dull* v. *State* (1962), 242 Ind. 633, 180 N. E. 2d 523. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629. *Kern* v. *Bridwell* (1889), 119 Ind. 226, 21 N. E. 664. *Dombkowski* v. *State of Indiana* (November 6, 1967), 249 Ind. 32, 230 N. E. 2d 602.

Neither of the alleged errors are tenable, and judgment is affirmed.

Jackson, C. J., Arterburn, Hunter and Mote, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 808.