SCOTT *v.* STATE OF INDIANA.

[No. 31,005. Filed March 6, 1968. Rehearing denied June 17, 1968.]

*Frederick J. Graf,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by the appellant from a finding and judgment of guilty and consequent sentence in a criminal action which charged the appellant with the offense of robbery by violence and by putting in fear. This cause was tried by the Honorable John A. Carson, Judge Pro Tempore, in Division One of the Marion Criminal Court without the intervention of a jury. Sentence was to the Indiana State

Prison for not less than ten (10) years nor more than twenty-five (25) years.

The affidavit filed, omitting the caption and signature in its pertinent part reads as follows:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came DONALD C. ANDERSON who, being duly sworn upon his oath says that WILLIAM SCOTT on or about the 26th day of MARCH, A.D. 1966, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting ROCHELLE SEAL [sic], doing business as CAPITOL DRIVE-IN LIQUOR STORE, in fear, take from the person and possession of the said ROCHELLE SEGAL, doing business as CAPITOL DRIVE-IN LIQUOR STORE, money then and there of the value of FORTY FIVE DOLLARS ($45.00) in lawful money, which property the said ROCHELLE SEGAL, doing business as CAPITOL DRIVE-IN LIQUOR STORE, then and there lawfully held in her possession and was then and there the property of ROCHELLE SEGAL, doing business as CAPITOL DRIVE-IN LIQUOR STORE, then and there being . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Ind. Anno. Stat., § 10-4101 (1956 Repl.) under which the appellant was charged, reads as follows:

"§ 10-4101. Robbery—Physical injury inflicted in robbery or attempt—Penalty.—Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period . . ."

The appellant urges, as his sole assignment of error, that the lower court erred in overruling his motion for a new trial, which motion is in two (2) rhetorical paragraphs and reads, in substance, as follows:

"Comes now the defendant in the above entitled cause and moves the Court for a new trial for the following reasons:

1. That the decision of the Court is not sustained by sufficient evidence.
2. That the decision of the Court is contrary to law."

Thus the sole issue presented to this Court is whether or not the evidence is sufficient to support the finding and judgment of the trial court.

The general rule is that this Court may only review the evidence most favorable to the State to determine whether there is sufficient evidence of probative value to sustain the finding and judgment beyond a reasonable doubt. *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794. In determining the sufficiency of the evidence to sustain a finding of all of the essential elements of the crime charged this Court will only consider the evidence most favorable to the trial court's finding and judgment. *Fisher* v. *State* (1966), 247 Ind. 529, 219 N. E. 2d 818; *Donaldson* v. *State* (1952), 231 Ind. 434, 108 N. E. 2d 888.

In the case at bar the evidence when viewed most favorably to the appellee State of Indiana reveals the following facts:

Rochelle Segal, who, with her husband operates the Capitol Drive-In Liquor Store in Indianapolis, testified that on March 26, 1966, at about 1:15 A.M., a man came in the door to said liquor store, wearing a mask and had a shotgun, and threw a paper bag down on the counter and told her to fill up the bag with money. She was very afraid at that time. She then filled up the bag with money, approximately $45.00. She testified further that when appellant was brought back to the scene of the robbery shortly after the robbery, he had on a hat, coat and other attire similar to the man who committed the robbery.

Bernard Segal, who was present at the time of the robbery, testified that the mask found in appellant's possession shortly after the robbery was the same one that the robber had been wearing. Also, the moneybag and certain rolls of coins found in appellant's possession shortly after the robbery were the same as the robber had taken with him. The gun used by the

robber was found in appellant's possession shortly after the robbery. All of the aforesaid articles were found in appellant's possession about seven or ten minutes after the robbery. Mr. Segal testified further that appellant had the same hat and overcoat as the robber.

Shortly after the robbery, a police officer saw appellant throw down the aforesaid mask on the ground in the vicinity of the robbery. Appellant was at that time found to be in possession of the aforesaid gun, bag, and money totaling approximately $40.00.

The appellant contends that the appellee State has failed to prove the material allegations, to-wit: (1) that a robbery was committed; (2) that the appellant was the perpetrator of the offense; and (3) that the act was done with the requisite intent.

With particular reference to the first allegation it cannot be doubted that the State proved that a robbery was committed.

Consequently, the appellant lays great stress on what he terms to be "dubious identification" of the appellant by the witness Rochelle S. Segal. The appellee State of Indiana cites 1 *Wharton Criminal Evidence,* § 182 in support of its assertion that there was sufficient evidence of identification of the appellant. The section is as follows:

"The identification of the defendant by the witness may be based on a recognition of his physical characteristics and appearance, or by some mark or peculiarity of the accused. The description of a person seen in the vicinity of the crime, as to color, height, weight, and other physical appearance, and any other facts which are of a descriptive character, and which show a correspondence between the description and the appearance of the accused, are relevant upon the question of identity."

In *Mason* v. *State* (1963), 244 Ind. 206, 211, 191 N. E. 2d 705 this Court stated:

"It is not essential, in order to sustain the conviction of appellant, that he should have been identified at the trial, by positive or direct evidence, as the guilty person. It was

sufficient if his identification as such person was established by circumstantial evidence which satisfied the jury upon that question beyond a reasonable doubt. *Craig* v. *State* (1908), 171 Ind. 317, 323, 86 N. E. 397, 400."

To summarize the evidence to negate the appellant's contention of lack of identification of the appellant, the record shows that police officers saw the appellant throw a mask on the ground in the vicinity of the liquor store shortly after the robbery and this was identified as the mask that was used by the robber during the perpetration of the crime. The appellant was found with a hat, coat, sawed off shotgun, and money bag similar to the ones that were worn and used by the robber and also a brown bag with the same rolls of coins that were stolen in the robbery. In addition thereto the appellant admitted that he was in the vicinity of the liquor store at the time of the robbery.

The witness, Bernard Segal, testified that the robber was a rather tall Negro of approximately the witness' height and that he was looking at the man through the eyes of the mask at about his eye level and estimated therefore that that the robber was somewhere between 5 feet 10 to 6 feet 1 inches tall. Admittedly, with the man's mask being worn at the time of the robbery which completely covered his face, neck and ears, a more positive identification by the victims would have been purely speculative or imaginary. But when such testimony is related to the evidence as above set forth we are of the opinion it was sufficient evidence of probative value to establish the appellant's identity.

The appellant's explanation of how he came into possession of said articles was rather unusual to say the least. He testified that he was on his way to what he termed as a "bootleg" cab stand at 10th and Capitol when he was stopped by two men at an alley near Muskingum. The men, he said, seized his sweater and scarf; made him put on another pair of trousers; and another hat and overcoat, then they tied a shotgun around his neck; placed a bag containing the money

in his hand and afterwards ordered him to carry the bag over to the other side of the street. A police patrol car came along almost immediately and the officers therein apprehended the appellant.

He argues, therefore, that since the State did not attempt to rebut the appellant's explanation of how he came into possession of the gun, mask, hat, trousers, overcoat, and the bag of money that his uncorroborated testimony should stand as conclusive evidence because there was no evidence contradicting his so-called exculpating statement. In this regard it is enough for us to say that it was entirely proper for the trial court to disregard the appellant's rather bizarre "explanation" for the trial court had the sole duty to weigh the testimony and to pass upon the credibility of the witnesses.

The appellant further contends that when the trial judge commented on such "explanation" by saying that "we won't have to watch television tonight" that the trial court was not according equality of treatment to the appellant's testimony with that of the testimony given by the State's witnesses. And the failure to do so was highly prejudicial to the appellant.

The appellant places great emphasis on the fact that the above judge's statement was made prior to his "explanation" of how he came into possession of the articles as set forth hereinbefore. However, it should be noted that the judge's comment followed a rather lengthy and entertaining monologue given by the appellant concerning his activities of the late night and early morning hours prior to his being apprehended by the police. Therefore it was for the trial judge, in the absence of a jury, to weigh the evidence and to determine the credibility of the witness. The trial court having done so, this Court is bound by the trial judge's assessment. As the appellee State asserts, the appellant's "explanation" was not believed by the trier of the facts and this Court on appeal may not determine the credibility nor weigh the "explanation" of the witness. *Spiker* v. *State* (1966), 247 Ind.

595, 219 N. E. 2d 904. Also, regarding the appellant's contention of unfair treatment of the appellant's testimony by the trial judge, as it was stated in *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809:

> "The appellant's main argument seems to be that the testimony of the State's witness was somehow unreliable, or that the testimony of the appellant himself and his corroborating witness should have carried such weight as to nullify the state's evidence. However, it has long been settled that this court will not weigh conflicting evidence on appeal ... The trial judge was a man of long trial experience. He heard the witnesses as they testified and had an opportunity to see them and to evaluate their testimony as it was being given. It is properly his duty to determine the credibility of the witnesses, and we cannot interfere in his determination on the basis of our examination of a typewritten transcript." 219 N. E. 2d at 811.

In the case before us it was the trial judge's prerogative to believe the State's witnesses and disbelieve the appellant's "explanation" and the record indicates that he did so. We hold, therefore, that there was sufficient evidence of probative value to establish the fact that the robbery was committed by the appellant in the manner alleged in the affidavit.

The appellant next contends that there was error for the reason that the State failed to prove any intent on the part of the appellant to commit the robbery in question. In the case of *Wojcik* v. *State* (1965), 246 Ind. 257, 204 N. E. 2d 866 this Court stated:

> "... it is settled that the intent to commit the crime charged may be inferred from the voluntary commission of the act. *Coffer* v. *State* (1958), 239 Ind. 22, 154 N. E. 2d 371. Again, it is also well settled that the intent to commit the crime charged may be inferred from the surrounding circumstances. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537." 204 N. E. 2d at 867.

However, this asserted error must also fall inasmuch as we have held that there was sufficient evidence of probative value

to warrant the trial court's finding beyond a reasonable doubt that the defendant committed the robbery as charged. Therefore, as stated by the case law cited above, such evidence was also sufficient to sustain a reasonable inference that the defendant intended to commit the crime of robbery as charged.

The appellant further contends that he was deprived of certain constitutional rights, although no authorities are cited to support this contention. In *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551 this Court stated that an appellant must show prejudicial error by cogent argument and citation of authorities and unless such is done said assertions of error are deemed to be waived. In this regard, appellant suggests we see *Miranda* v. *Arizona* (1966), 384 U. S. 436. We agree with the appellee State that *Miranda* is not even remotely in point here for several reasons. In the case at bar the police never sought to elicit statements from appellant and no statement of appellant was ever introduced at trial. Further *Miranda* is not applicable to cases where trial occurred prior to June 13, 1966. *Johnson* v. *New Jersey* (1966), 384 U. S. 719. In the case at bar the trial occurred on April 21, 1966.

Finally, the constitutional error was not raised in the appellant's motion for new trial. Errors asserted as grounds for review on appeal must be included in a motion for new trial. *Hayden* v. *State* (1964), 245 Ind. 591, 199 N. E. 2d 102.

Finding no reversible error in the record before us the trial court's judgment should be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 474.