MCGILL *v.* STATE OF INDIANA

[No. 767S52. Filed May 19, 1969. No petition for rehearing filed.]

*Frank E. Spencer,* Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant and another, Robert Chandler, were charged by affidavit with the crime of Second Degree Burglary as defined by Acts 1941, ch. 148, § 4, p. 447, being Burns' Ind. Ann. Stat. § 10-701 (b) (1956 Repl.), which reads in pertinent part as follows:

"(b) Whoever breaks and enters, into any boat, wharf-boat, or other water-craft, interurban-car, street-car, rail-road-car, automobile, airplane or other aircraft, or any building or structure other than a dwelling-house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglarly in the second degree, and upon conviction shall be imprisoned not less than two [2] years nor more than five [5] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period: Provided, however, That the court shall have power to suspend prison sentence and place the defendant on probation in accordance with existing law."

The affidavit charging Appellant and his co-defendant with the alleged crime in pertinent part reads as follows:

"BE IT REMEMBERED, That on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came WILLIAM R. HASTINGS who, being duly sworn, upon his oath says that ROBERT CHANDLER and JEROME McGILL on or

about the 1st day of November, A.D. 1966, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously and burglariously break and enter into the building and structure of ANTHONY WAYNE OIL CORPORATION, then and there situated at 201 NORTH CAPITOL AVENUE, City of Indianapolis, County of Marion, State of Indiana, which said building and structure was not a place of human habitation, with the intent to commit a felony therein, to-wit: to unlawfully and feloniously and knowingly obtain and exert unauthorized control over property of said ANTHONY WAYNE OIL CORPORATION and to deprive said ANTHONY WAYNE OIL CORPORATION permanently of the use and benefit of said property, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

/s/ WILLIAM R. HASTINGS"

Appellant, on December 21, 1966, waived arraignment and entered a plea of not guilty to the charge embraced in the affidavit. Thereafter, on April 13, 1967, appellant and his co-defendant each waived trial by jury, consented to and were tried by the court without the intervention of a jury. At the conclusion of the State's evidence, defendants each and severally moved for a discharge. The motions were overruled as to each defendant. Whereupon appellant McGill rested. Defendant Chandler presented evidence in his behalf and rested. The State rested. The defendants each and severally moved for discharge. The court then entered a finding of Guilty as charged by the affidavit. Pre-sentence investigation was ordered and sentencing set for April 27, 1967, at 1:30 P.M.

Thereafter, on April 27, 1967, the court having examined the pre-sentence investigation report filed by the Probation Department and both defendants and their counsel and the State of Indiana by a deputy prosecutor being present, the court sentenced appellant, age 27, to the Indiana State Reformatory for no less than 2 years nor more than 5 years,

and costs. The co-defendant, age 31, who did not appeal, was sentenced to the Indiana State Prison for a like term.

Thereafter, on May 1, 1967, appellant filed his motion for a new trial. Such motion, with accompanying memorandum, omitting formal parts, reads in pertinent part as follows:

### "MOTION FOR NEW TRIAL

Comes now the defendant, Jerome McGill, and moves for a new trial in the above captioned case for the following reasons:

1. The decision of the Court is contrary to law;

2. The decision of the Court is not sustained by sufficient evidence;

3. Errors of law occurring at the trial.

WHEREFORE, the defendant, Jerome McGill, requests that a new trial be granted herein and for all other relief in the premises.

/s/ PHILIP R. MELANGTON, JR.
Philip R. Melangton, Jr.
Attorney for defendant
Jerome McGill

### MEMORANDUM

The Court erred in admitting state's exhibit # 2, a knife, over the defendant McGill's objection. Said knife, according to the testimony of the police officer, was found upon the defendant Chandler and was not connected with the defendant McGill.

The Court erred in overruling defendant's motion for discharge made at the close of the state's case and at the close of all the evidence for the following reasons:

The defendant Chandler was seen inside the structure but not the defendant McGill. The defendant McGill was seen only on the sidewalk and was seen doing nothing and was only an innocent bystander. Mere presence at the scene of a crime does not make the defendant an accomplice.

Police Officer Kerins did not identify which of the defendants was Jerome McGill but only identified the defendants collectively as Chandler and McGill.

Carl Bills, the attendant of the parking lot, testified that there was nothing of value in the structure and therefore nothing of value could have been taken.

The state failed to prove the ownership of the structure as set out in the affidavit inasmuch as the witness Bills testified that he did now know whether the Anthony Wayne Oil Company owned or leased the premises.

/s/ PHILIP R. MELANGTON, JR.
Philip R. Melangton, Jr.
Attorney for Defendant
Jerome McGill"

Appellant's Motion for New Trial was overruled by the court on May 3, 1967.

Appellant's Assignment of Errors is the single specification:

"1. The Court erred in overruling Appellant's motion for new trial."

Appellee in its brief, p. 1 under "Introduction," asserts that appellant has argued in his brief only causes (1) and (2) of his motion for new trial and has not argued cause (3) thereof, viz. "errors of law occurring at the trial" and has waived on appeal cause (3). Rule 2-17. Appellant in his reply brief takes issue with the appellee's contention on that score and refers to "the errors intended to be urged on appeal, (appellant's Brief, p. 12, 13)." Appellant's brief p. 12, 13 with reference to the controversy here mentioned reads as follows: "The grounds of the motion for new trial intended to be urged herein, as set out hereinabove at p. 4 of this Brief, and in the Transcript of the Record at p. 19, ll. 11 and 12, are that the decision of the Court is contrary to law, and that the decision of the Court is not sustained by sufficient evidence." Accordingly, under Rule 2-17 appellant has waived the third cause of his motion for new trial by

failure to argue it on appeal. *Dombkowski v. State* (1967), 249 Ind. 32, 230 N. E. 2d 602.

From the evidence adduced at trial, it appears that on November 1, 1966, at about 2:37 A.M., Indianapolis police officer Louis Kerins observed appellant's co-defendant, Robert Chandler, inside a small building on a parking lot at 201 N. Capitol Avenue in Indianapolis. Kerins testified that at this same time appellant was standing in front and a little to the east of the building. He stated that as he approached the building he heard the appellant yell something that the witness couldn't make out. He then testified that Chandler turned and started out of the building, while appellant started running. Officer Kerins stated that he apprehended Chandler as Chandler was exiting through a window on the west side of the building, and that he then hollered for appellant to halt, which appellant did. Officer Kerins then placed appellant under arrest.

Testimony by the manager of the parking lot established that as late as 6:00 P.M. on the evening of October 31, 1966, the doors and windows of the building were all locked. He further testified that he did not authorize either appellant or Chandler to enter the building.

Appellant's co-defendant, Chandler, testified in his own behalf, that he was walking past the building at about 2:30 A.M. on November 1, 1966, while on his way home from a Halloween party. He stated that a man and his wife drove him from the party to the corner of Illinois and Ohio Streets in Indianapolis, and that he was walking home from there. He denied being in the building, and said that he found the pocket knife on the sidewalk in front of the building. The knife was identified as State's Ex. 2 and belonged to the lot manager, who testified that it was kept in a desk drawer in the building in which Chandler was seen. The witness further stated that he vaguely knew appellant, and that they spoke while passing each other on the sidewalk.

The appellant did not take the stand in his own behalf.

Appellant contends that there is no evidence to establish the element of intent that is charged in the affidavit. He contends that he was merely a bystander whose only connection with the event was that he was standing outside the building at the time officer Kerins drove up. Thus, appellant argues, there was no evidence whatsoever that appellant counseled, hired, encouraged, commanded or otherwise participated in the breaking and entering committed by Chandler.

Balanced against appellant's contentions is the argument put forth by the State. The State concedes that mere presence at the scene of a crime is not sufficient to show that the appellant aided or abetted in the commission of the crime. However, the State contends that there were other circumstances which, coupled with appellant's presence at the scene, are sufficient to establish appellant's guilt.

This appeal raises the question of the sufficiency of the evidence. In such cases it is a long standing rule that this Court, on appeals of this nature, will not weigh the evidence or determine the credibility of the witnesses. *Davis v. State* (1968), 249 Ind. 373, 232 N. E. 2d 867; *Stock v. State* (1966), 247 Ind. 532, 219 N. E. 2d 809; *Barnes v. State* (1965), 246 Ind. 485, 205 N. E. 2d 539. Furthermore, we will consider only that evidence most favorable to the State, together with all reasonable and logical inferences which may be legally drawn therefrom. *Langley v. State* (1968), 250 Ind. 29, 232 N. E. 2d 611; *Reid v. State* (1967), 249 Ind. 247, 231 N. E. 2d 808; *Fisher v. State* (1966), 247 Ind. 529, 219 N. E. 2d 818; *Myles v. State* (1955), 234 Ind. 129, 124 N. E. 2d 205.

It is true that mere presence at the scene of a crime, with nothing more, is insufficient evidence to sustain a conviction for participation in the crime. *Cotton v. State* (1965), 247 Ind. 56, 211 N. E. 2d 158; *Guetling v. State* (1926), 198 Ind. 718, 153 N. E. 765. However, presence at

the scene in connection with other circumstances tending to show participation in the crime may be sufficient to sustain a conviction. *Cotton v. State, supra; Mattingly v. State* (1952), 230 Ind. 431, 104 N. E. 2d 721; *Mobley v. State* (1949), 227 Ind. 335, 85 N. E. 2d 489.

In the case at bar, appellant contends that he was merely a bystander and that the State failed to connect him in any way with the crime committed. However, there is the testimony of officer Kerins that he observed appellant standing close to the building and on the parking lot itself while Chandler was inside the building. Further, there is the testimony of officer Kerins that when he arrived at the scene appellant yelled something to Chandler, and that in response to the yell Chandler attempted to flee through a window of the building while appellant turned and ran. Thus, there is sufficient evidence from which the trier of fact could link appellant with the crime. From the testimony of officer Kerins the trier of fact could clearly and reasonably draw the conclusion that appellant was aiding and abetting Chandler by keeping watch while Chandler was in the building. As this Court said in *Johnson v. State* (1968), 251 Ind. 182, 240 N. E. 2d 70: "We are of the opinion that in many cases actions speak louder than words." Here, the trier of fact had before it not only the actions of the appellant, but also words of the appellant which could reasonably be considered as words of warning.

As to appellant's contention that the record is barren of any evidence establishing that appellant acted with felonious intent, this Court has long recognized the rule that intent to commit a specific criminal act can be presumed from the voluntary commission of that act. *Whitsell v. State* (1965), 246 Ind. 175, 203 N. E. 2d 832; *Wojcik v. State* (1965), 246 Ind. 257, 204 N. E. 2d 866; *Tait v. State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Coffer v. State* (1958), 239 Ind. 22, 154 N. E. 2d 371.

In the case at bar the trier of fact had the opportunity to observe the witnesses and to hear the evidence first hand, it was his duty, function and province to resolve conflicts in evidence, credibility of the witnesses and the weight to be given their testimony, and from the evidence so adduced to determine the guilt or innocence of the defendant.

While it is our duty on appeal to review the record, and the evidence, it is not our function to weigh the same, if the judgment below is supported by sufficient evidence of probative value we will not disturb it.

In the case at bar we find some conflict of evidence, we also find that the trier of fact has passed on the credibility of the witnesses, the weight to be given their testimony, and has made a determination as to the guilt of the appellant. If we were trying this case de novo we might, or might not, reach the same result as did the trial court, but on appeal we cannot say that the decision of the court is contrary to law or that the decision of the court is not sustained by sufficient evidence.

The judgment is affirmed.

DeBruler, C. J., and Arterburn, Hunter and Givan, JJ., concur.

NOTE.—Reported in 247 N. E. 2d 514.