CRONEY *v.* STATE OF INDIANA.

[No. 1067-S-105. Filed May 20, 1969. No petition for rehearing filed.]

*Don R. Money,* Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Richard V. Bennett,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged, by affidavit filed June 22, 1967, with the crime of First Degree Burglary. Appellant waived arraignment, entered a plea of not guilty to the charge embraced in the affidavit on June 23, 1967. Thereafter, on June 28, 1967, the cause was set for trial July 14, 1967. On the day of trial, July 14, 1967, appellant, in open

court, waived trial by jury and the cause was submitted to the court for trial. At the trial the State introduced evidence and rested, appellant introduced no evidence in his behalf. The court found appellant guilty, ordered pre-sentence investigation to be filed by July 21, 1967. The pre-sentence investigation was filed July 20, 1967, and appellant was sentenced July 21, 1967, to the Indiana Reformatory for not less than ten (10) nor more than twenty (20) years and was disfranchised and rendered incapable of holding any office of trust or profit for a period of one (1) year.

Appellant assigns as error the overruling of his motion for new trial which stated that the finding of the Court was not sustained by sufficient evidence, and that it was contrary to law.

From the evidence adduced at trial it appears that appellant had been living with the prosecuting witness in her apartment for some time. However, several days prior to May 15, 1967, she became angry with appellant and ordered him to leave. On May 14, 1967, the complainant went out of town and returned on May 15th. She testified that when she entered the apartment the door was unlocked, and upon looking around she discovered that her record player and a small bank with money in it were missing. Further testimony established that she had locked the door when she left on her trip, and that her new boyfriend, who supplanted appellant had a key to her apartment, told her that he had locked the door when he left the apartment.

The following day, May 16, 1967, the appellant went to the apartment. The witness stated that she was angry with him and asked him why he took the record player. She testified that appellant told her that he did not take it. She then told him: "I know you did it because my neighbor upstairs seen you when you had the fellow pull the red Buick in the back and carry it off." The witness then stated that appellant admitted pawning the record player for twenty dollars, but

promised to get it back for her. After waiting for several weeks for appellant to return the record player, and after requesting him to return it, she went to the police department in order to bring charges against the appellant.

Appellant contends that the evidence is insufficient to establish guilt beyond a reasonable doubt. He places great stress on the fact that the testimony of the prosecuting witness was uncorroborated. We know of no rule, nor has appellant cited us to any, which holds that an accused may not be convicted on the basis of the uncorroborated testimony of a witness whose credibility has not been impeached. The witness in this case is not an accomplice whose testimony would require the utmost scrutiny and evaluation. Moreover, on appeal we consider only that evidence most favorable to the State, together with all reasonable and logical inferences which may legally drawn therefrom. *Fisher v. State* (1966), 247 Ind. 529, 219 N. E. 2d 818; *Myles v. State* (1955), 234 Ind. 129, 124 N. E. 2d 205; *Kallas v. State* (1949), 227 Ind. 103, 83 N. E. 2d 769. Furthermore, we will not weigh the evidence or determine the credibility of the witnesses. This is a function which properly rests in the trier of fact. *Stock v. State* (1966), 247 Ind. 532, 219 N. E. 2d 809; *Barnes v. State* (1965), 246 Ind. 485, 205 N. E. 2d 539.

In looking at the evidence as presented by the record we cannot say, as a matter of law, that the evidence presented in the case at bar was insufficient to establish appellant's guilt beyond a reasonable doubt. True, the prosecuting witness did not see appellant enter the apartment and leave with the record player. She did, however, confront him with the accusation that a neighbor saw him carry off the property, and she testified that appellant then told her that he pawned the record player for twenty dollars. The statement made to the witness by the appellant clearly constitutes an admission by the appellant that he did, in fact, take the complainant's property. As has been said before, the weight to be

given to this testimony is a matter for determination by the trier of the facts.

We also point out that the complainant's testimony was not totally uncorroborated. A police officer in charge of the pawn shop detail identified State's exhibit number one as a pawn ticket sent to the Indianapolis Police Department by North Side Loan Company. The ticket was for the record player in question, and there was evidence that it was signed by the appellant. The value of the record player listed on the ticket was one hundred and forty-nine dollars. This evidence clearly supports the complainant's testimony that appellant was the one who pawned the property. As a matter of fact, appellant in his motion for a new trial calls attention to the fact that the "prosecuting witness then confronted the defendant and he admitted taking the record player and promised to return it."

It is also appellant's contention that the prosecution failed to prove beyond a reasonable doubt the necessary element of intent. However, the evidence is uncontradicted that appellant took the record player from the apartment of the prosecuting witness while she was not there and without her consent; that he pawned the property for twenty dollars; and that he did not return the property to its rightful owner. Thus, all the external elements of the crime of burglary in the first degree are present. Intent, being a state of mind of the accused at the time of the alleged offense, is not a tangible item that can be viewed. However, the law has long recognized the rule that intent to commit a specific criminal act may be presumed from the voluntary commission of the act. *Whitsell v. State* (1965), 246 Ind. 175, 203 N. E. 2d 832; *Wojcik v. State* (1965), 246 Ind. 257, 204 N. E. 2d 866; *Tait v. State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Coffer v. State* (1958), 239 Ind. 22, 154 N. E. 2d 371. In the case at bar it was within the province of the trier of fact to find the requisite element of intent from the evidence presented at the trial. On the basis of

the evidence adduced we cannot say it was insufficient to establish the element of intent. The determination as to whether the element of intent was proved beyond a reasonable doubt was a determination to be made by the trier of fact, and we will not interfere with that determination where, as here, the trial court's finding was supported by reliable and substantial evidence of probative value.

The judgment of the trial court is, therefore, affirmed.

DeBruler, C. J., Arterburn and Hunter, JJ., concur; Jackson, J., dissents with opinion.

### DISSENTING OPINION.

JACKSON, J.—I am not in agreement with the result reached by the majority opinion herein and dissent thereto.

As pointed out in the majority opinion, the evidence presented at the trial generally was sufficient to establish the commission of the crime of first degree burglary by the appellant. Appellant was charged, I should say overcharged, with the crime of first degree burglary, and I agree with the majority opinion to the extent that technically the state produced sufficient evidence of probative value to establish the commission of that crime.

My disagreement with the majority opinion and my dissent herein is predicated on the theory that we, as the court of last resort in the state, are expected to and should dispense even handed justice. In applying the letter of the law we should not and can not ignore the spirit of the law. By constitutional mandate, Article 1, Section 16, the constitution of the State of Indiana directs that ". . . all penalties shall be proportioned to the nature of the offense." In the case at bar, it is my opinion that the *"nature"* of appellant's conduct, which is the constitutional basis for his punishment, has never been considered. The most cursory consideration of this case reveals the gross overcharging of a criminal offense.

The severe sentence in first degree burglarly cases is predicated on the theory that one who breaks into a place of human habitation is in position to inflict personal injury upon the occupants thereof. In the case at bar the appellant is a young man, slow in comprehension and understanding, having only a third grade education completed at age of fourteen. The burglary of which he was convicted occurred in the day time, while the occupant of the residence was out of town and whose absence from her home was known by the defendant before the taking of the record player. Appellant has a wife and child that someone must support, either he or the public through a welfare agency. Appellant, in spite of his lack of schooling and slow comprehension is able to earn $140.00 per week as a cement worker. It seems to me that under all the circumstances present here society would be better served and justice more evenly applied by the imposition of a lesser sentence rather than the one embraced in the charge of which appellant stands convicted. The cost to the public in keeping appellant in a penal institution is far in excess of the damage done society by the commission of this crime.

While I have in the past objected to, and dissented in certain cases to the use thereof, there is in effect in this state a statute providing for the modification by this Court of the judgment appealed from, thus avoiding the expense and delay of a new trial.

Burns' Sec. 9-2321 provides:

"Power of court on appeal—Remand to trial court.—On appeal, the court may reverse, modify or affirm the judgment appealed from, and may, if necessary or proper, order a new trial. In any case, the cause must be at once remanded to the trial court, with proper instructions, and the opinion of the court shall also be immediately certified to the trial court."

Supreme Court Rule 2-40B; *Richie v. State* (1963), 243 Ind. 614, 189 N.E. 2d 575; *Shoemaker v. Dowd, Warden* (1953) 232 Ind. 602, 115 N.E. 2d 443; *Marks v. State* (1942), 220 Ind. 9, 40 N.E. 2d 108; *Mann v. State* (1933), 205 Ind. 491, 186 N.E. 283.

In the case at bar appellant should have been found guilty of no more than house breaking in daytime to steal as defined in Burns' Sec. 10-705, which reads as follows:

> "House breaking in daytime to steal.—Whoever, in the daytime, breaks and enters into any dwelling-house, kitchen, smoke house, out-house, shop, office, storehouse, warehouse, mill, distillery, pottery, factory, barn, stable, schoolhouse, church, meeting-house or building used for the purpose of religious worship, watercraft, car-factory, freight house, station-house, depot, railroad car, interurban or streetcar, with intent to commit the crime of larceny, shall, on conviction, be imprisoned in the county jail not less than ten (10) days nor more than six (6) months, or in the state prison not less than one (1) year nor more than fourteen (14) years."

Under the circumstances disclosed by the record in the case at bar a sufficient penalty for the crime so committed would have been imprisonment in the county jail for six months. It appearing from the record herein that appellant was sentenced July 21, 1967, to the Indiana Reformatory for not less than ten (10) nor more than twenty (20) years and is now incarcerated therein, the trial court should be now hereby directed to modify the judgment of conviction by reducing it to conviction of house breaking in the daytime to steal. The sentence imposed thereunder should be that the defendant be imprisoned in the county jail of Marion County for no more than six months and by virtue of the fact that appellant has already served more than six months in the Indiana Reformatory and is still incarcerated there, he should be given credit for such six months sentence and the trial court should be directed to order said defendant-appellant returned to the Marion Criminal Court, Division Two, where sentence should be imposed in conformity to this opinion and

said defendant-appellant thereupon discharged immediately, without delay, and the Clerk of this Court should be ordered to immediately certify this opinion to the Marion Criminal Court, Division Two.

NOTE.—Reported in 247 N. E. 2d 501.