WORD *v.* STATE OF INDIANA.

[No. 569S120. Filed August 20, 1970.]

*Hall Cochrane,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Aaron T. Jahr,* Deputy Attorney General, for appellee.

DeBRULER, J.—This is an appeal from a conviction for Second Degree Burglary in the Marion Criminal Court, Division One. The appellant was charged by affidavit with the crime of Second Degree Burglary. The affidavit reads in part as follows:

". . . that Huston Word, Jr., on, or about the 21st day of June, A.D., 1968, at and in the County of Marion in the State of Indiana, did then and there unlawfully and burglariously break and enter into the 1967-FORD AUTOMOBILE OF STEVEN J. GLASSBURN, then and there situate at 2000 BLOCK OF NORTH NEW JERSEY STREET, a public street, City of Indianapolis, County of Marion, State of Indiana, which said automobile was not a place of human habitation, with the intent to commit a felony therein, to-wit: to unlawfully and feloniously and knowingly obtain and exert unauthorized control over property of said STEVEN J. GLASSBURN and to deprive said STEVEN J. GLASSBURN permanently of the use and benefit of said property, then and there being . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The crime of Second Degree Burglary is defined in Acts 1941, ch. 148, § 4, being Burns Ind. Stat. Ann. § 10-701 which reads in part as follows:

". . . (b) Whoever breaks and enters into any . . . automobile, . . . with the intent to commit a felony therein, shall be guilty of burglary in the second degree, and upon conviction shall be imprisoned not less than (2) two nor more than (5) five years . . ."

The appellant appearing in person and through counsel, waived trial by jury and the cause was submitted to trial by the

court. The appellant was adjudged guilty as charged in the affidavit. Appellant's Motion for New Trial was overruled which brings about this appeal. The appellant urges two grounds for reversal: 1) The verdict of the court is not sustained by sufficient evidence. 2) The verdict of the court is contrary to law. In this case these allegations raise substantially the same questions. The appellant in challenging the sufficiency of the evidence is alleging that the state has failed to prove two necessary elements of the crime of Second Degree Burglary, those elements being the "breaking" and the "intent to commit a felony therein".

In reviewing these allegations this court will not weigh the evidence nor resolve questions of credibility, but will look to that evidence and the reasonable inferences therefrom which support the verdict of the trial court. *Glover* v. *State* (1970), 253 Ind. 536, 255 N. E. 2d 657. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that the appellant was guilty beyond a reasonable doubt. *Fair* v. *State,* (1969), 252 Ind. 494, 250 N. E. 2d 744.

A fair statement of the evidence reveals that at approximately 4:30 a.m. on the morning of June 21, 1968, Indianapolis Police Officers Milligan and Thomas were sitting in an unmarked police car at the corner of Twentieth and New Jersey in Indianapolis, Indiana.

They saw a 1967 Ford, Four-Door Hardtop Automobile, later shown to be owned by one Glassburn, parked on the west side of New Jersey and then saw Glassburn and two women get out of the car and go into a house. Immediately thereafter the appellant got out of a car parked directly across the street and went up to Glassburn's car and began to pry on the window. He was seen to have inserted something between the front and rear windows on the driver's side of the car. The appellant then opened the door on the same side and got into the car. The officers approached the car and found the appellant lying across the front seat with his right hand in the glove com-

partment. They observed a yellow-handled screwdriver and a flashlight lying on the floorboard, and papers and a map strewn on the seat and floorboard. The officers thereupon placed the appellant under arrest. Pry-marks and scratches were then detected on the vertical rubber gasket and chrome strip which separated the front and rear windows. The car owner testified that he had locked the car and had not noticed the marks on the window when he closed the door. He also testified that the flashlight belonged to him and that it had been in the glove compartment, but that the screwdriver was not his. He further testified that he did not know the appellant or authorize him to enter the car.

Appellant alleges that the above evidence is insufficient to support a necessary element of the crime charged, to wit: "a breaking". The appellant contends that since the pry marks on the car window were not conclusively proven to have been made when appellant was entering the car and that the screwdriver was not proven to belong to the appellant nor was any other tool found in possession of the appellant that could have been used to break in the car, and that it is insufficient to establish a "breaking". This contention is without merit.

The evidence to establish this element is that appellant pried the lock open, opened the car door and entered the car. This is sufficient. Even assuming arguendo as is urged by appellant, that the door was unlocked or that the latch was defective the evidence is still sufficient to support this element of the crime charged. Opening an unlocked door is sufficient to constitute "breaking". *Richardson* v. *State* (1966), 247 Ind. 610, 220 N. E. 2d 345.

Appellant next contends that the evidence is insufficient to support a necessary element of the crime, to wit: "intent to commit a felony therein". We deem the evidence sufficient on this point. Intent can be reasonably inferred from the facts shown. This is a question of fact which the trier of fact can conclude from the related evidence. *Whitsell* v. *State* (1965), 246 Ind. 175, 203 N. E. 2d 832.

The evidence to establish this element is that the appellant, without permission, broke into a car belonging to another, and was found rifling the contents of the glove compartment while lying upon the front seat, thereby hiding himself from view. From this evidence it was reasonable to infer that at the time the appellant broke and entered the car he intended to steal items of value which he might find therein.

Appellant submits that the record fails to show that the appellant had anything of value in his possession or that he had known or had reason to believe that there was anything of value in the glove compartment of the car and therefore the court cannot logically infer an intention to commit a felony. This argument is erroneous. It is not necessary that the felony be in fact committed successfully or that the state prove the kind or value of the goods intended to be obtained upon entering. *Suter* v. *State* (1949), 227 Ind. 648, 88 N. E. 2d 386.

The judgment of the trial court is affirmed.

Hunter, C.J., Arterburn, and Givan, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 261 N. E. 2d 225.