VINCENT MCLEAN *v.* STATE OF INDIANA.

[No. 2-173A24. Filed June 19, 1973.]

*Philip E. Tracy, Tracy & Champion,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-Appellant Vincent McLean was charged by affidavit, tried to the court without the intervention of a jury, and convicted of the crime of first degree burglary.

McLean was committed to the custody of the Department of Corrections for classification and confinement for a period of not less than ten nor more than twenty years. The timely motion to correct errors filed by McLean was overruled and this appeal followed.

On appeal, the sole contention argued by McLean is that the judgment of conviction is not supported by sufficient evidence on the element of the crime of "breaking."

The crime of first degree burglary is defined in IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956), as follows:

"Burglary—First, second, and third degrees—Penalties.— (a) Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years

and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Opening an unlocked door is sufficient to constitute "breaking." *Word* v. *State* (1970), 254 Ind. 542, 261 N.E.2d 225; *Richardson* v. *State* (1966), 247 Ind. 610, 220 N.E.2d 345; *Cockerham* v. *State* (1965), 246 Ind. 303, 204 N.E.2d 654. However, walking through an open door does not constitute "breaking." *Cockerham* v. *State, supra; Richardson* v. *State, supra.*

In the instant case Lucy Hayes testified that she lived at 3522 North Olney Street, Indianapolis, Indiana. On the morning of July 28, 1971, when she left for work the glass was not broken from her back door. When she returned at about 1:00 P.M. she found the glass in her back door broken, her television missing and her son "screaming and yellin'."

Carthel Hayes testified that at approximately 1:15 P.M. on July 28, 1971, he was asleep on the living room couch in the Hayes' home. He further testified as follows:

"A. Then I heard somebody walking in the kitchen, cause I was in the living room, and then I saw Vince and two other boys and ah, Vince came in there an'a the boys grabbed the TV . . an' then he ran back by Vince and I went back over 'dere [there] and I ran at Vince an' then Vince kicked me in my side and knocked me down. I lay down on the floor for a little while an [and] then I went and called my Mother.

"Q. All right, now what happened to the TV set?

"A. Oh they ran . . . the boys . . . they ran back thru the woods . . . we have a little woods in the back of our house. They ran . . .

"Q. They had the TV set?

"A. Yeah.

"Q. What did Vincent do?

"A. Vince ran after . . . when they left, Vince ran right behind them.

"Q. Now, did you find out how they got in?

"A. They broke out the back window with a wheel."

The foregoing evidence is of sufficient probative value from which the trier of fact could have found defendant-McLean guilty beyond a reasonable doubt of the element of "breaking."

No reversible error having been shown, the judgment of conviction of the trial court is affirmed.

Affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 296 N.E.2d 924.