RICE *v.* STATE OF INDIANA.

[No. 30,933. Filed February 20, 1967. Rehearing denied April 24, 1967.]

*Lewis Davis,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

MOTE, J.—The Appellant was charged by affidavit with burglary in the first degree, the significant part of which affidavit is as follows:

> "BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY, Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came EDWARD R. LIPSCOMB who, being duly sworn upon his oath says that WILLIAM RICE on or about the 7th day of AUGUST, A. D., 1965, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously and burglariously break and enter into the dwelling house and place of human habitation of JOHN D. COLE then and there situate at 2641 NORTHWESTERN AVENUE, City of Indianapolis, County of Marion, State of Indiana, in which said dwelling house the said JOHN D. COLE then lived, with the intent to unlawfully and feloniously and knowingly obtain and exert unauthorized control over property of said JOHN D. COLE and to deprive said JOHN D. COLE permanetly of the use and benefit of said property, then and there being."

The crime of first degree burglary is defined by Statute and is found in the Acts of the Indiana General Assembly 1941, ch. 148, § 4, p. 447, Burns' Ind. Stat. Anno. (1956 Repl.) § 10-701 (a) as follows:

> "Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten (10) years nor more than twenty (20) years

and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

After a plea of not guilty on October 29, 1965, the trial court, without the intervention of a jury, found the Appellant to be forty-six years of age and guilty as charged by said affidavit. Appellant was represented at the trial by counsel of his own selection.

Pre-sentence investigation was ordered and made and on November 12, 1965, Appellant was sentenced to a term of not less than ten (10) nor more than twenty (20) years in the Indiana State Prison. Appellant's trial counsel did not file a Motion for a New Trial, but on December 2, 1965, said Appellant filed his own Motion therefor, the same being dated November 24, 1965. The Motion, eliminating the formal parts, is in the words and figures following, to-wit:

"Comes now William Rice, defendant in the above entitled cause, and moves the Court for a new trial of said cause, for the following reasons:

1. That the verdict of the Court is contrary to law.
2. That the verdict of the Court is not sustained by sufficient evidence.
3. That the judgment of the Court is contrary to law and is not sustained by sufficient evidence.
4. That the defendant was not represented by competent counsel, in that:
    (a) Said counsel offered representation of a perfunctory nature only.
    (b) Said counsel failed to object to the introduction of inadmissable (sic) evidence.
    (c) Said counsel abandoned defendant without filing motion for new trial and preserving the record for appeal.

WHEREFORE, defendant prays the Court for a new trial of said cause, and for all other relief proper in the premises.

Respectfully submitted,
/s/ William Rice."

With the Motion for a New Trial, Appellant also filed a Petition for Extension of Time and Leave to Amend the said Motion, which said Motion, eliminating the formal parts, is in the words and figures following, to-wit:

"William Rice being duly sworn, upon his oath says as follows:

1. That he is the defendant in the above entitled cause wherein the Court rendered judgment, upon a finding of guilty, on the 12th day of November, 1965.

2. That he was represented at the trial of said cause by attorney Chester Wilson, Indianapolis, Indiana; that said attorney has withdrawn from the case and defendant is at present without representation; that said attorney has not and will not prepare or file a motion for new trial in said cause; and that defendant is without funds or means with which to employ other counsel.

3. That attached hereto is a self-prepared Motion for New Trial, filed for the purpose of preserving his right to file such motion within the statutory time limit, pending appointment of counsel.

4. That attached hereto is a self-prepared Pauper's Petition for appointment of attorney, Expenses of Appeal Transcript.

5. That he wishes to reserve the right to amend said Motion for New Trial after consulting with the appointed attorney and obtaining his advice on proposed amendments, thereby having the assistance of counsel in preparing and prosecuting a proper and substantial motion for new trial.

WHEREFORE, defendant respectfully moves the Court to grant an extension of time within which appointed counsel may investigate the record, and for leave to amend the attached motion for new trial, following appointment of counsel in this cause.

/s/ William Rice"

The Motion for a New Trial was overruled and on December 17, 1965, the trial court appointed Lewis Davis as pauper attorney. On February 28, 1966 the first praecipe was filed and on June 14, 1966, after a Petition for Extension of Time

was filed and granted, the transcript was filed in the office of the Clerk of this Court.

The only error asserted and relied upon in this appeal is the overruling of Appellant's Motion for a New Trial. In his original brief, Appellant presents two points for our consideration, namely: (1) "the verdict is contrary to law" and "the finding of the court is not sustained by sufficient evidence," grouped together, and (2) that he was not represented by competent counsel.

Therefore, it becomes necessary to examine the evidence, together with reasonable inferences therefrom, and to consider whether it is sufficient in fact and law to establish the charge beyond a reasonable doubt and supports the finding and judgment rendered herein, bearing in mind the long established legal principle that the State is entitled to the most favorable inferences from the evidence. *Greenwalt v. State* (1965), 246 Ind. 608, 209 N. E. 2d 254; *Wojcik v. State* (1965) 246 Ind. 257, 204 N. E. 2d 866.

In the instant case, the evidence discloses that on August 7, 1965, John D. Cole and his wife were absent from their apartment for a short time during the night and upon their return, they found their locked door open and the screen torn off and lying on the front porch. A television set, an electric clock and a fan were missing from their apartment.

In his brief, Appellant sets forth the following resume of his testimony:

> "Didn't remove any personal property of the Cole's (sic) from their home but I did help the boy who broke in take it away in his car. His name is Charles Ernie. Didn't buy set from him but I had it. Charles Ernie hangs out at 27th and Northwestern but don't know where he lives but around there. I sold set to gentleman (Ernest Kyles) that testified before for $11.50. I didn't pay anything for it. Got it from Charles Ernie, he had me sell it. I kept $2 and he took rest. ... Charles Ernie had an electric fan and I got it from him in the alley at the same time had T. V. while getting into car."

Appellant was identified as being the one who carried the television set from the Cole apartment by the witness Hughley, who was, as he said, "sitting on my outside front porch" next door. The television was identified by several witnesses, including the owners, Cole and his wife.

It is amazing that so many appellants come to this Court relying on the grounds under discussion here, when it is so well settled that the Court does not weigh the evidence nor will it determine the credibility of witnesses. *Ponos v. State* (1962) 243 Ind. 411, 184 N. E. 2d 10.

Under our system of jurisprudence, the trier of the facts has the exclusive duty and legal authority to accept or reject, in whole or in part, conflicting testimony and evidence, as well as the determination of the credibility of witnesses who produce such conflicting evidence and testimony.

Appellant has wholly failed to present a convincing argument or to cite authorities which support his contention in this respect and we hold that the finding and judgment are sustained by the evidence and that they are not contrary to law.

As to Appellant's assertion of error under Point 2, namely, that he was not represented by competent counsel, when we consider that his trial counsel was a lawyer of his own selection, he cannot be heard to complain now. *Griffith v. State* (1966) 247 Ind. 257, 214 N. E. 2d 795.

If the alleged witness, Charles Ernie, does exist, which may be doubted because Appellant is the only one who mentioned his name, Appellant himself had the responsibility to locate him and to see that he was subpoenaed. He does not assert that he even told his trial counsel about Charles Ernie nor what his testimony would be. Other than making the statements that his trial counsel performed only perfunctorily, which is a conclusion, and that he failed to ob-

ject to the improper admission of evidence, likewise being a conclusion, Appellant does not present a case for our consideration. *Carroway* v. *State* (1956) 236 Ind. 45, 138 N. E. 2d 299; *Willoughby* v. *State* (1961) 242 Ind. 183, 177 N. E. 2d 465.

The trial judge overruled Appellant's Motion in its entirety, which said Motion included these unverified assertions, and in view of the fact that this appeal is being considered on its merit, his reason (c), that his trial counsel abandoned defendant without filing a motion for a new trial and thus preserving the record for appeal, falls by its own weight.

Furthermore, it has been held in Indiana that the duty of the trial counsel to file a motion for a new trial obtains only as such counsel feels that there are meritorious grounds for a new trial and courts have no right to assume that competent counsel would disregard such duty. *State ex rel* v. *Daviess Circuit Court* (1962) 243 Ind. 376, 185 N. E. 2d 621.

Finding that no error relied upon by Appellant has been committed, the judgment is hereby affirmed.

NOTE.—Reported in 223 N. E. 2d 579.