SAMPSON *v.* STATE OF INDIANA.

[No. 31,166. Filed May 31, 1968. Rehearing denied July 9, 1968.]

*Bruce E. Bloom,* and *Bruce R. Snyder,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, *Douglas B. McFadden,* Assistant Attorney General, and *Duejean C. Garrett,* Deputy Attorney General, for appellee.

PER CURIAM.—On December 28, 1966, appellant was tried before a jury which brought in a verdict of guilty of the offense of attempting to commit a robbery while armed, as charged in the affidavit. The appellant was sentenced to a term of ten (10) years in prison.

In appellant's assignment of errors he stated the court had erred in overruling appellant's motion for a new trial. His argument under proposition one was that the court had erred in the admission of a written statement read into evidence over appellant's objection in violation of his constitutional rights as guaranteed him under the Fifth and Sixth Amendments of the Constitution of the United States; his second argument was that the court erred in that the verdict of the jury was not sustained by sufficient evidence.

The facts briefly were these: On the evening of May 4, 1966, the manager and her husband, the owner, were in the East State Kwikie Market in Fort Wayne, Indiana. There was testimony that the wife was behind the counter near the cash register. Her husband, the owner, was outside the counter. There was a buzzer on the door entering into the store which sounded and a man came through the door with a rifle, put his arms around the husband, pointed the rifle at the wife

and asked for "Money, money". The wife reached behind the counter, took a tear gas pistol and shot it. The pellet hit her husband. The tear gas pistol was dropped and she took hold of the rifle held by the appellant. The hat and sunglasses were knocked off and the appellant ran out the front door leaving his glasses, hat and rifle behind.

The defendant took the stand in his own behalf, admitted that in 1964 he was convicted of a theft charge, and the same year of the trial he was found guilty of assault and battery with intent to commit a felony, rape, and that he is presently serving that term during the trial of this matter. There was likewise testimony by the defendant on direct examination that there were two confessions or statements given, the first of which he gave to involve an individual he admitted he was trying to implicate because he didn't like him; the second he gave because he thought since he was already in jail, he didn't have anything to lose by making the statement. On cross-examination the defendant admitted that the only difference between his first and second confession was that he eliminated the name of the individual mentioned in the first confession whom he desired to implicate. It was the second confession only which was offered into evidence, and admitted into evidence by the trial court.

From the record there was sufficient evidence presented at the trial to prove the identity of the appellant as the person who committed an attempted armed robbery at the East State Kwikie Market on the night of May 4, 1966, without the necessity of his challenged confession. The manager of the store and wife of the owner made a positive identification of the appellant as indicated by the following in the evidence:

"Q. Now, Mrs. Ostrander, let me, first of all, ask you to take a look at the defendant in this action, Mr. Sampson. Is this the gentleman that was in the store that night?

A. Yes, sir."

In an appeal from a criminal conviction, it has been well settled that the state is entitled to the most favorable version of the evidence and all reasonable inferences that may be drawn therefrom, and that the court will consider only that evidence most favorable to the state. *Rice* v. *State,* (1967), 248 Ind. 200, 10 Ind. Dec. 59, 223 N. E. 2d 579; *Fisher* v. *State,* (1966), 247 Ind. 529, 9 Ind. Dec. 108, 219 N. E. 2d 818; *Greenwalt* v. *State,* (1965), 246 Ind. 601, 6 Ind. Dec. 129, 209 N. E. 2d 254.

The main argument, however, and appellant's basic contention, is that the confession in which he set out in great detail the commission of this crime was erroneously admitted into evidence because he was not adequately advised of his various constitutional rights, citing the leading case of *Miranda* v. *Arizona,* (1966), 384 U. S. 436, 86 S. Ct. 1602. This case provides procedural safeguards requiring the police to advise a person of his rights under the Fifth and Sixth Amendments of the Constitution of the United States before making an in-custody interrogation.

This court is aware that the protection of these rights is binding upon the state courts. In this case there was testimony that appellant's constitutional right was adequately explained to him before any statement whatsoever was taken. The testimony by Sgt. Cook of the Fort Wayne Police Department was as follows:

"Q. Sergeant, on May 12, prior to taking this particular statement of the defendant, *was he advised of his constitutional rights?*

A. He was.

Q. Will you please, Officer, tell the Court and the jury just exactly what you advised him at this particular time?

A. First of all, I would have to explain that we asked the defendant if he was willing to give us a voluntary signed statement reference the part he played in this attempted robbery. He told us he would. Before we started to take a signed statement we at this time again advised the subject that this *must be voluntary* and that he does not have to give us this statement;

that we are not promising him anything. In the first question of the statement it reads:

'Do you understand your constitutional rights, that is, that you are entitled to consult an attorney; that you are not compelled to make a statement; that anything you say may be used either for or against you in court?'

Q. *Prior to this time these rights had been explained to him verbally?*

A. Yes, sir."

The fact is that he was told that the police only wanted a statement which was voluntary, that he had to give no statement and was not being promised anything, that he was entitled to consult an attorney and anything he said might be used against him in court.

On direct examination in response to his own attorney's question the appellant stated in the record the following:

"Q. And would you tell the Court and jury what they told you; what they said to you?

A. Well, they told me that they had me as a suspect of an attempt to commit a robbery at the Kwikie Minit Market.

Q. Did they say anything else to you?

A. They asked me if I would tell them where I was during that period of time *and I told them I didn't have to tell them anything . . .*"

In the language of the *Miranda* case, *supra,* the words were not specifically used that "if he could not afford an attorney, one will be appointed for him prior to any questioning if he so desires." The fact is the defendant on cross-examination, as is set forth above, stated that he was aware that he did not have to tell the police anything. Whether he had a paid lawyer or an appointed lawyer, in any event his lawyer could do no more at that time than advise him that he did not have to make a statement. This knowledge the appellant admitted was his, and nevertheless proceeded to give

a detailed statement. It would be not meaningful to state that the appellant was given insufficient warning, and that under particular facts and circumstances of the appellant's statement the warning given him by the police came within the purview of *Miranda* v. *Arizona, supra.*

The trial having commenced on December 28, 1966, the case of *Johnson* v. *New Jersey,* (1966), 384 U. S. 719, 86 S. Ct. 1772 is controlling and the guidelines set down in *Miranda, supra,* are available to persons whose trial began after June 13, 1966, and are, therefore, applicable in this case on appeal.

Under the factual situation in this case on appeal, this knowledgeable appellant had stated that he knew he had a right to remain silent. It is equally true at that very time he had been released from prison on an appeal bond on another criminal charge which was pending, as the appellant, on direct examination, testified. Thus, the trial judge on the facts in this case had sufficient evidence for the court to rule that the state had maintained its burden of establishing that the appellant came within the language of the *Miranda* case, *supra,* in permitting his confession to be admitted into evidence.

The judgment of the trial court is hereby affirmed.

Jackson, J. concurs in result.

Mote, J. not participating.

### ON PETITION FOR REHEARING

PER CURIAM.—The appellant, through his attorney, requests a rehearing citing again *Miranda* v. *Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602, which he had previously cited in his brief.

This matter was decided purely on the special facts in the case on appeal. This court does not question the holding in the *Miranda* case, *supra.* Under the facts brought out in this record, as was indicated in the Per Curiam opinion, 250 Ind. 625, 14 Ind. Dec. 413, 237 N. E. 2d

254, heretofore handed down, the defendant came within the purview of *Miranda, supra,* and under the facts of the particular circumstances, was given sufficient warning.

The rehearing is, therefore, denied.

NOTE.—Reported in 237 N. E. 2d 254.

Rehearing Denied in 238 N. E. 2d 458.