LOUIS RUDOLPH GIBSON *v.* STATE OF INDIANA.

[No. 867S75. Filed October 14, 1968.]

232

*Richard C. Johnson,* Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Dennis J. Dewey,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by indictment with the crime of rape under the provisions of Acts 1941, ch. 148, § 3, as found in § 10-4201, Burns' 1956 Replacement. Such indictment, omitting formal parts, reads in pertinent part as follows:

> "The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that LOUIS RUDOLPH GIBSON on or about the 29th day of December, A. D. 1963, at and in the County of Marion and in the State of Indiana, did then and there unlawfully and feloniously make an assault upon one MARIAN LOU SURBER, then and there being a female child under the age of sixteen (16) years, to-wit: of the age of fifteen (15) years, and then and there not being the wife of the said LOUIS RUDOLPH GIBSON and did then and there unlawfully and feloniously, carnally know her, the said MARIAN LOU SURBER, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant entered a plea of not guilty; thereafter, on May 10, 1967, trial by the court was had and the court found the defendant guilty as charged and ordered a presentence investigation report filed by the Probation Department. Such report was filed May 19, 1967, and showed among other things that appellant had no previous record of arrests or convictions,

thereupon the court sentenced appellant to the Indiana State Prison for one (1) to ten (10) years.

Thereafter appellant filed his Motion for New Trial, such motion, omitting heading, formal parts, signatures and jurat, in pertinent part reads as follows:

"The Defendant in the above entitled cause moves the the Court for a new Trial thereon for the following reasons to-wit:

1. That the decision or finding of the Court is not sustained by sufficient evidence.

2. That the decision or finding of the Court is contrary to law.

3. That this Defendant was, by accident and surprise, which ordinary prudence could not have foreseen and guarded against, prevented from having a fair trial of said cause in this:

a. That he was represented by counsel that was completely and utterly negligent, incompetent and acted fraudulently and in bad faith towards his client in the matter of his employment in an attorney-client relationship, as follows:

(1) That Defendant's Attorney advised this Defendant, who is a layman, and who had never been in Court before, that the case would be 'thrown out' and 'never come to trial.'

(2) That he did call the Defendant and members of his family on numerous occasions, stating 'send me more money (in various amounts) so that I can take care of seeing that the case is thrown out.'

(3) That the Attorney called the Defendant and requested and received money in order to conduct investigations in regard to the case through private investigators, which investigations, to the Defendant's knowledge, were in fact never conducted, and were not used at the time of trial.

(4) That the total time the Defendant's Attorney spent in interviews and conferences with his client over a 3½ year period was not more than three hours and a great portion of this time was by telephone conversations.

(5) That at the time of trial, the Defendant's Attorney's services were worthless, either because of his ignorance

or negligence, and that he failed to call any witnesses for purposes of testifying in the defense of the Defendant to impeach testimony presented by the State, when such witnesses were available with impeaching testimony.

(6) That as late as the date of trial, and, in fact, after the trial, the Attorney told the Defendant and members of his family 'don't worry, the Defendant is not going to the penitentiary.'

(7) That the Defendant's Attorney, who should have known the serious nature of the crime charged, and of his client's unfamiliarity with legal procedure, induced his client to pay money upon fraudulent representations that by payment of the same the case would 'be thrown out.'

(8) That on many occasions the Attorney stated to the Defendant 'don't worry, the Judge and I are close personal friends.'

(9) That due to the Defendant's counsel's indifference, ignorance and negligence, and failure to prosecute the Defendant's cause properly, the Defendant was denied a fair trial.

WHEREFORE, the Defendant prays the Court for a new trial for said cause."

Such motion was overruled and appeal bond set in the sum of $3,000.00

Appellant's Assignment of Errors is the single specification:

"The Court erred in overruling appellant's motion for new trial."

The evidence most favorable to the State may be summarized as follows. On the night of December 29, 1963, prosecuting witness attended Charity Tabernacle on Tibbs Avenue in the City of Indianapolis, Marion County, Indiana, with a daughter of the appellant, thereafter accompanying the daughter to appellant's home. After viewing television for awhile the prosecutrix went to bed on a couch in the living room by herself, no one else sleeping in that room. Sometime

in the late night or early morning she woke up and found appellant there in the room. It was dark and she was awakened when sexual contact was made. At that time, December 29, 1963, she was fifteen years of age and not married to appellant. She made no outcry and nothing was said by either party, before, during, or after intercourse, after which appellant left. The witness testified she woke up there the next morning, thinks she went to church and then went on home. That she said nothing to appellant, or anyone else, the next morning, or at any other time until after about two and one-half months she went to the doctor and found that she was pregnant. Her father and stepmother went with her to see the doctor. On Wednesday following the visit to the doctor the victim's father called appellant to his home. Appellant came in answer to the request and allegedly said he was expecting the call and that he wanted to make amends for his act.

Two State Police Officers testified that appellant admitted the act of intercourse. The officers testified they were called to the home where they found appellant on his hands and knees on the ground in the yard, his good eye swollen shut, bruised and bleeding at the nose, mouth and face as a result of the assault made upon him by the father of the prosecuting witness. One of the officers took appellant to the hospital for treatment. The prosecuting witness thereafter, prior to the trial, delivered of a child.

Most of the questions raised by the appellant, with the exception of those set forth under sub-paragraph "a" of the third ground of his motion for new trial, relate to the weight of the evidence and the credibility of the witnesses. This Court has long held that it is the duty of the trier of the facts to determine the weight of the evidence and the credibility of the witnesses. *Weaver* v. *State* (1963), 243 Ind. 560, 187 N. E. 2d 485; *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809; *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254.

Under sub-paragraph "a" of the third ground of the motion for new trial appellant attempts to raise the question of incompetency of counsel.

As pointed out by the attorney general in his brief it was not until the trial was over and the verdict rendered that appellant began to protest about the competency of his self-chosen counsel. It is the law in Indiana that after the proceedings have terminated, the defendant in a criminal action cannot for the first time object to his self-chosen counsel's management of the case. *Griffith* v. *State* (1966), 247 Ind. 257, 214 N. E. 2d 795; *Rice* v. *State* (1967), 248 Ind. 200, 223 N. E. 2d 579.

We find no reversible error in the record and that the judgment was supported by substantial evidence of probative value, sufficient to require the affirmance, on appeal, of the judgment and sentence below. We do not say that if we were trying this case, de novo, at the trial level we would reach the same result as the trial court. However, on appeal we must consider most favorably that evidence in support of the appellee and do not weigh the evidence or determine the credibility of the witnesses.

Judgment affirmed.

Lewis, C. J., and Arterburn, J., concur in result; Hunter and DeBruler, JJ., concur.

NOTE.—Reported in 240 N. E. 2d 812.