**Randy K. WILSON, Petitioner-Appellant,**

v.

**George W. PHEND, Warden, Indiana State Prison, Respondent-Appellee.**

**No. 17574.**

United States Court of Appeals Seventh Circuit.

Oct. 28, 1969.

Joseph A. Marino, Glenn Dale, Md., for petitioner-appellant.

William F. Thompson, Deputy Atty. Gen., Theodore L. Sendak, Atty. Gen., of Indiana, Indianapolis, Ind., for respondent-appellee.

Before CASTLE, Chief Judge, and SWYGERT and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This is an appeal from the denial, without a hearing, of a petition for habeas corpus. On June 18, 1963, petitioner was arrested for the fatal shooting of Mrs. Lillie Good in her home in Warren, Indiana. He was indicted and tried in nearby Huntington, Indiana. After a jury trial, he was convicted of second degree murder and sentenced to life imprisonment.

According to the allegations contained in the petition and the accompanying exhibit, petitioner's relatives retained C. W. H. Bangs, a Huntington, Indiana, attorney, as defense counsel. At that time, Bangs owned, edited and published the *Huntington News,* a daily newspaper distributed throughout the county. That and other newspapers in the area allegedly gave the murder story front-page coverage, which included photographs of the victim and petitioner upon his arrest. It is also charged that the "local newspapers had whipped the public into such a frenzy that petitioner was adjudged guilty long before his trial. His arrest was tantamount to conviction. He was an object of scorn of the entire reading public."

Petitioner contends that, prior to trial, Bangs shirked his duties as his counsel. At his arraignment, petitioner entered a plea of not guilty. Without his knowledge or consent, however, Bangs allegedly changed that plea to one of not guilty by reason of an unsound mind. Despite the hostility created by prejudicial publicity, he failed to move for either a change of venue or continuance. Rather, petitioner claims he was " 'rushed' to trial" within four months of his arrest. He avers that his attorney failed to pursue exculpatory leads supplied by him, including alibi witnesses and evidence of an automobile accident which tended to explain the presence of bloodstains on Wilson's clothing.

Petitioner also objects to the post-trial conduct of his attorney. Defense counsel assertedly failed to enter a timely motion for a new trial, forcing Wilson to file his request *pro se.* That motion and an amended motion filed tardily by Bangs were denied and the conviction was affirmed by the Supreme Court of Indiana. Wilson v. State, 247 Ind. 680, 221 N.E.2d 347 (1966).

■ In June 1968, petitioner filed a belated motion for a new trial. After considering the State's answer and various affidavits,[1] the trial court denied relief. The Indiana Supreme Court, by a

---

1. These affidavits were not before the habeas corpus court and therefore will not be discussed in this opinion. At the evidentiary hearing to be held in the district court, the respondent may be able to disprove petitioner's charges.

divided vote, denied his petition for a writ of certiorari. Thereafter this action was commenced. In an unreported memorandum opinion, the court below refused to grant relief, principally because there was no state action involved in the "improprieties" of petitioner's privately retained counsel. We respectfully disagree and hold that petitioner has alleged sufficient facts to compel an evidentiary hearing by the district court.

■ The State has requested us to dismiss the petition without prejudice, in favor of the extension of comity to recently promulgated Indiana procedures. Cf. Peters v. Rutledge, 397 F.2d 731, 735–736 (5th Cir. 1968); Worley v. Swenson, 386 F.2d 186 (8th Cir. 1967); Yates v. Thomas, No. 1P 69–C–209 (S.D.Ind. 1969). We decline to do so. It is conceded that petitioner had exhausted all available state remedies in existence at the time he sought federal relief. It is immaterial that the new Rule PC–1 of the Supreme Court of Indiana, which has since gone into effect, might now afford petitioner adequate post-conviction relief. Fay v. Noia, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837. Having argued this matter unsuccessfully in the state courts once, he should not be forced to do so again. Furthermore, it would be futile to require him to return to the Indiana courts since they refuse to consider direct or collateral attacks on self-retained counsel. Griffith v. State, 247 Ind. 257, 202 N.E.2d 273, 214 N.E.2d 795 (1966) (per curiam); Gibson v. State, 15 Ind.Dec. 479, 240 N.E.2d 812, 814 (1968).

■■ The petition was dismissed below without requiring respondent to answer, so that petitioner's allegations must be deemed true for present purposes. Lunce v. Overlade, 244 F.2d 108, 109, 74 A.L.R.2d 1384 (7th Cir. 1957). Moreover, liberal construction is to be ac-

corded material drawn *pro se,* including petitions for habeas corpus and other forms of post-conviction relief. Rini v. Katzenbach, 374 F.2d 836, 837–838 (7th Cir. 1967); Pembrook v. Wilson, 370 F.2d 37, 39–40 (9th Cir. 1966).

■ The crux of the petition and exhibit thereto is the charge that Wilson was convicted without having had the effective assistance of counsel. In particular, petitioner points to:

(1) The conflict of interest between Bangs' position as counsel and his ownership and active participation in the publication of a local newspaper;

(2) The prejudicial publicity in Bangs' and other newspapers and the failure of counsel to make any attempt to protect Wilson from the prejudice caused by such publicity at trial;

(3) The change of petitioner's plea without his prior knowledge or consent;

(4) The refusal of counsel to present the alibi witnesses and other exculpatory evidence; and

(5) The failure of counsel to file a timely motion for a new trial.[2]

These assumed facts, taken together, are clearly sufficient to indicate that defendant was convicted without the benefit of effective counsel, as required by the Sixth and Fourteenth Amendments to the United States Constitution. The right of defendants to counsel in criminal cases is, of course, imperative in state as well as federal trials. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The essence of this right is the right to effective, competent and adequate representation. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493;

---

2. Although petitioner's brief assails the length of the 449-page brief filed by Bangs on appeal to the Indiana Supreme Court, the Deputy Attorney General of Indiana has advised us at the oral argu-

ment that the first 400 pages were devoted to a summary of the transcript. The brief is not in the record and we do not pass on the issue of its length.

Entsminger v. Iowa, 386 U.S. 748, 87 S. Ct. 1402, 18 L.Ed.2d 501. Moreover, as the Supreme Court pointed out in Von Moltke v. Gillies, 332 U.S. 708, 725, 68 S.Ct. 316, 325, 92 L.Ed. 309:

> "The right to counsel guaranteed by the Constitution contemplates the services of an attorney devoted solely to the interests of his client. Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680." [3]

In our decision in Lunce v. Overlade, 244 F.2d 108 (7th Cir. 1957), we held that self-retained counsel may be so inadequate and incompetent as to deprive the accused of representation and reduce the trial to a sham in deprivation of his rights to due process of law. The failure of an attorney to present a defense or otherwise bring forth important evidence can be as deleterious in its effects on the fairness of a trial as any behavior during the actual litigation. Brubaker v. Dickson, 310 F.2d 30, 32 (9th Cir. 1962); Jones v. Huff, 80 U.S.App.D.C. 254, 152 F.2d 14, 15 (1945). Recent cases expanding the right to counsel to all critical stages of criminal proceedings serve to underline the importance of the role played by counsel outside the confines of the courtroom. Cf. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

The district court was of the opinion that no state action occurred, partly since counsel in this case was retained rather than appointed. Our decision in *Lunce*, however, was based upon the assumption that the accused had exercised his own choice in retaining counsel. 244 F.2d at 110. The distinction between retained and appointed counsel overlooks the fact that, in either case, the state has obtained a conviction against the accused under such grossly unfair circumstances as to cast doubt upon the factual basis upon which proof of guilt rests. We agree with other courts which have held that in such circumstances sufficient state action exists to invoke the protections of the Fourteenth Amendment. Wilson v. Rose, 366 F.2d 611, 615–616 (9th Cir. 1966); Whitaker v. Warden, 362 F.2d 838, 841 (4th Cir. 1966); Jones v. Huff, 80 U.S. App.D.C. 254, 152 F.2d 14, 15–16 (1945); Porter v. United States, 298 F.2d 463, 464 (5th Cir. 1962).

On remand an evidentiary hearing must be held to determine whether petitioner was denied his right to an impartial jury trial and to effective counsel as guaranteed by the Sixth and Fourteenth Amendments. Primarily, this will require inquiry into the extent and nature of the alleged publicity, the possibility of prejudice resulting from the legal retainer of a prominent local publisher whose papers purportedly contained adverse publicity, and finally, the failure of counsel to produce exculpatory evidence of alibi witnesses or the automobile accident.[4]

Joseph A. Marino of the Maryland Bar was appointed to represent petitioner in this Court. We are appreciative of the high quality of Mr. Marino's services as reflected in the briefs and oral argument.

Reversed and remanded.

---

3. In *Von Moltke*, the Court cited two of the canons of professional and judicial ethics as supporting authority (332 U.S. at p. 726, 68 S.Ct. 316, note 9).

4. While it is not necessary to rely on any of the individual facts alleged in the petition, it is appropriate to point out that several of the allegations have constituted independent grounds for requiring a new trial. Thus in White v. Ragen, 324 U.S. 760, 763–764, 65 S.Ct. 978, the Supreme Court held that it was an unconstitutional deprivation of the right to counsel to refuse a continuance requested by an accused whose lawyer refused to meet with him, call witnesses on his behalf, and who pleaded him guilty without his consent. In Sheppard v. Maxwell, 384 U.S. 333, 350–352, 86 S.Ct. 1507, 16 L.Ed.2d 600, the Court held, following Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543, that a specific showing of prejudice resulting from unfair publicity need not be shown in every instance. See also Parker v. Gladden, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420; Whitney v. Florida, 389 U.S. 138, 88 S.Ct. 314, 19 L.Ed.2d 343.