**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Andrew RENFRO, Defendant-Appellant.**

**No. 78–5482.**

United States Court of Appeals,
Sixth Circuit.

Argued April 9, 1979.

Decided June 19, 1979.

Rehearing and Rehearing En Banc
Denied July 31, 1979.

---

Carl Ziemba, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., Martin Reisig, Detroit, Mich., for plaintiff-appellee.

Before LIVELY and MERRITT, Circuit Judges and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by the Defendant-Appellant, Andrew Renfro, from his conviction in the United States District Court for the Eastern District of Michigan, on two counts of an indictment charging violations of the Federal Income Tax Laws.

Count one of the indictment was framed under Section 7203 of Title 26, United States Code, and alleged that the appellant wilfully and knowingly failed to file an income tax return for the calendar year 1971, although he had received a gross income of $13,004.83. Count two of the indictment was framed under Section 7201 of Title 26, United States Code, and alleged that the appellant attempted to evade the payment of $24,753.91 as the income tax due on his income of $65,387.82 during the calendar year of 1972. It is alleged in this count that the appellant had attempted to evade payment of this tax by failing to file an income tax return, by failing to pay the tax, by concealing his assets, "covering up the sources of his income, by handling his affairs to avoid making the records usual in transactions of the kind, and by other conduct  *  *  * " The charges alleged in the counts of the indictment state offenses within the Sections of the statutes stated, *supra.*

It is claimed on behalf of the appellant that the trial judge erred (1) in permitting improper and prejudicial argument of the prosecuting attorney in his final argument to the jury; (2) in giving erroneous instructions to the jury; and (3) in the admission of evidence to the jury. No objections were made, by counsel for the appellant, to any of these alleged errors during the trial.

Accordingly, an error to require reversal must be "plain error" within the meaning of Rule 52(b) of the Federal Rules of Criminal Procedure.

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Rule 52(b)

The Court has applied this rule as indicated in the following statement,

"It is a long-standing rule of trial practice that a defendant must object to improper statements made by opposing counsel during closing argument to preserve these objections for appeal. [Citations omitted] The purpose of this rule is to allow the trial judge to attempt to correct the error, if any was committed.

Where no objection is made then the court on appeal should intercede only where the error would 'seriously affect the fairness, integrity or public reputation of judicial proceedings.' " *U. S. v. Black*, 480 F.2d 504, 506–507 (6th Cir. 1973)

Specifically, it is charged that the prosecutor made improper argument in the following categories: (1) He expressed his personal opinion of the guilt of the appellant; (2) he made misstatements of law and fact; (3) he shifted the burden of proof to the appellant; and (4) he allegedly attacked the appellant for exercising his right to employ counsel.

Counsel attempts to support his argument by taking sentences at random from the argument. Without objections being made, the trial judge had no opportunity to pass on the question and determine whether the prosecutor was departing from the evidence or the record. We have carefully examined the argument of the prosecutor as a whole and cannot find that he indulged in any argument that was improper or in any event that would "seriously affect the fairness, integrity or public reputation of judicial proceedings." At the outset of his argument he very clearly explained to the jury that the burden was on the government to prove the appellant guilty beyond a reasonable doubt. In all of the challenged statements with reference to expressing a personal opinion of guilt, we find that the prosecutor was speaking from the evidence or inferences logically to be drawn therefrom.

We conclude that there is no merit to the claim that there was prejudicial or reversible error in the argument of the prosecuting attorney.

Counsel for the appellant objects to the trial judge's instructions to the jury as follows: (1) That the income tax may be levied on income, whether legal or illegal; (2) that the appellant had a burden to explain the sources of his increased net worth; (3) that the jury could consider the reasonableness of the appellant's explanation of his increase in net worth as bearing on his

consciousness of guilt; and (4) that the trial judge failed to instruct the jury on the nature of the net worth method of proving the charge in count two of the indictment.

Not only did defense counsel not make any objection to the trial judge's instructions to the jury, but he indicated that he was satisfied with them. The trial judge met with counsel in chambers prior to final arguments and reviewed the instructions as he proposed to give them. After the instructions were given, before excusing the jury, but out of their hearing, the trial judge asked counsel if they were satisfied with the instructions, and Mr. Lee, defense counsel, said "Correct, your Honor."

We have examined the judge's instructions, as a whole, and consider that they were well adapted to the facts and law of the case. We do not find any error in the instructions, challenged by counsel, certainly not plain error.

■ The jury was instructed over and over that they should consider the evidence and that the burden was on the government to prove the defendant guilty beyond a reasonable doubt. It was a correct statement of law to instruct the jury that they could consider income whether legal or illegal. It is possible that the jury might have drawn some inference from the evidence that there was illegal income. We do not consider that any prejudice to the defendant could arise from this.

■ The judge did not instruct the jury that the defendant had a burden to explain his income. The substance of the instructions was that the defendant's explanation was a matter of evidence which should be weighed with all other evidence admitted in the case. This evidence could be an affirmative explanation or the absence of one. We find no fault with the instruction that the jury could consider the reasonableness of the defendant's explanation as to his increase of net worth as bearing on his consciousness of guilt. In other words what credit did they attach to such explanation.

We consider that the trial judge made a very adequate and correct statement of the law of proving the charge in count two of the indictment, by the net worth method.

■ Another alleged error claimed on behalf of the appellant is directed at the admission of hearsay testimony at the trial. Thelma Harrison, the sister of the appellant, was asked if she had ever discussed with her brother the use of her name to make purchases for him. She replied,

"I knew that he was using it but I asked him to discontinue the use of my name."

No objection was made to this testimony. Had an objection been made, the trial judge would have had an opportunity to pass on the admissibility of the testimony and instruct the jury accordingly. In view of other evidence on the subject of the use of her name to buy property and to order a pool and awnings, we do not consider that this constituted "plain error" justifying reversal under Rule 52(b), Federal Rules of Criminal Procedure.

After arguing the above issues on the basis that they constitute "plain error" since no objection was made to them during the trial, counsel now shifts his argument to the claim that appellant was deprived of "effective assistance of counsel" for the reason that defense counsel did not, in violation of the Sixth Amendment, make objections as those issues arose during the trial. Counsel, on appeal, not the defense trial counsel, has combed the record with a fine tooth comb, so to speak, to find issues on appeal.

"If, however, action that appears erroneous from hindsight was taken for reasons that would appear sound to a competent criminal attorney, the assistance of counsel has not been constitutionally defective." *Beasley v. United States*, 491 F.2d 687, 696 (6th Cir.). (See also, *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763)

■ The alleged errors do not pass the test of plain error, and we cannot say, looking back over the record, from our view of the evidence and the instructions of the trial judge, that any of those claimed errors would have been prejudicial to the appellant and would deny him a fair trial.

The standard for effective assistance of counsel is stated in *Beasley v. United States, supra,* at 696, as follows:

"We hold that the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence." (Citations omitted)

"Defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in proper and timely manner." *Reece v. Georgia,* 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77 (1955); *Wilson v. Phend,* 417 F.2d 1197 (7th Cir. 1969).

We find no evidence and none has been called to our attention to the effect that defense counsel, through negligence or ineffectiveness, deprived the appellant of any defense either legal or evidentiary. From all that appears in the record, defense counsel was a well trained and experienced criminal trial lawyer. (He received the plaudits of government counsel, as a competent trial lawyer, at the opening of the prosecutor's rebuttal argument.)

We must conclude that, from the record, defense counsel met the standard of effective assistance of counsel.

We come now to a consideration of the evidence. Counsel for appellant claims that the convictions on both counts must be reversed for the reason that they are not supported by competent evidence. Specifically, he objects to the introduction of a number of business records which were offered in evidence as exhibits for the purpose of showing the appellant's increased financial resources and expenditures.

■ These exhibits were admitted by stipulation as authentic business records pursuant to Rule 803(6)[1] Federal Rules of Evidence. Counsel now claims that these records were incompetent because appellant's name and/or signature was not separately authenticated by any evidence admitted at the trial. Defendant cites no evidentiary rule for the specific proposition that records stipulated to be authentic business records must have independent verification of the authenticity of signatures appearing thereon. Obviously no objection was made to the introduction of exhibits which were introduced by stipulation.

Objections were made to the introduction of exhibits 22a and 31 on the ground of relevancy. Counsel claims that this was a continuing objection to all of the exhibits. We find this claim to be without merit. We hold that the exhibits to which objection is now made were relevant and material and there was no error, plain or otherwise, in their introduction.

■ The trial judge clearly and correctly instructed the jury as to the use of such exhibits, as follows:

"With respect to stipulations, I would again have you bear in mind something that I told you earlier in these proceedings. You will recall that many exhibits were introduced upon the stipulation of the Defense Counsel. I repeat to you now that counsel's stipulation went only to the authenticity of the document in question; in other words, counsel was stipulating that the document was authentic and it was not necessary, therefore, for the Government to call a witness to the stand to establish, for example, that he had prepared the document or had seen someone else prepare it and that it had been kept on file in the regular course of business.

---

1. "Records of regularly conducted activity. A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation in the case lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit." Rule 803(6) F.R.E.

"Whether these documents so stipulated to are evidence of payments made by Andrew Renfro is a matter for you to decide from the other evidence, if any, and from the inferences you may draw from such evidence."

We conclude that, considering the evidence from the record as a whole, in the light most favorable to the government, there is ample competent evidence to support the verdict.

Judgment affirmed.