12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry S. GRIFFITH, Defendant-Appellant.
 No. 92-6106.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1993.
 
 Before: MILBURN and NORRIS, Circuit Judges; WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Jerry Sue Griffith, appeals her conviction for transmitting threatening communications in violation of 18 U.S.C. Sec. 875(c). Because the government stipulated to defendant's inability to appreciate the nature, quality, or wrongfulness of her acts, we reverse her conviction.
 
 
 2
 In December 1991, defendant was indicted for eight counts of making threatening communications in violation of 18 U.S.C. Sec. 875(c). The charges arose out of a series of telephone calls she made between November 6 and November 17, 1991, from her home in Virginia to Jerry Abramson, the Mayor of Louisville, Kentucky, and his wife Madeline.
 
 
 3
 Defendant had, over a number of years, displayed her infatuation with Abramson by calling him at home and at his office. She had also written him a number of letters and repeatedly came to public functions at which he was in attendance. After the Abramsons were married, defendant concluded that Madeline was an impediment to her relationship with the mayor, and her phone calls became increasingly threatening toward Madeline. As a result, an agent of the Federal Bureau of Investigation arrested defendant on November 19, 1991. At that time, she admitted to making the phone calls, although she denied they were threatening, and explained her belief that the mayor was in love with her.
 
 
 4
 Before trial, a Notice of Intent to Rely on Insanity Defense was filed on defendant's behalf. She was then examined by M.A. Conroy, Ph.D., who found that at the time of the crime defendant was suffering "from a severe mental disease or defect which rendered her unable to appreciate the nature, quality, or wrongfulness of her acts."
 
 
 5
 Prior to trial, the government and defense counsel attempted to enter into a stipulation regarding defendant's mental state. The district court expressed concern that the stipulation might violate Fed.R.Evid. 704.[1] The Rule prevents expert opinion on the ultimate issue of whether a defendant is insane. The parties appear to have agreed that Rule 704(b) was not implicated because the matter to which they were stipulating was one of fact, not one of the expert's opinion.
 
 
 6
 The stipulation finally admitted at trial read:
 
 
 7
 It is stipulated that based on a forensic evaluation completed at the Federal Medical Center by M.A. Conroy, Ph.D., that at the times of the actions alleged in the indictment, Jerry Sue Griffith did suffer from a severe mental disease or defect which rendered her unable to appreciate the nature, quality, or wrongfulness of her acts.
 
 
 8
 The district court instructed the jury regarding stipulations when this was read, stating:
 
 
 9
 A stipulation is an agreement between the parties that there is no factual dispute as to the matter. Both parties agree that this fact is true; and, therefore, since the parties agree that the fact is true and there is no dispute as to this fact, they have presented this fact to you in the form of a stipulation.
 
 
 10
 However, as with any other fact in evidence in this case, you may give this such weight as you believe it deserves in arriving at your verdicts in this case. However, you should consider this fact as a matter of evidence in the case as if it had been proved by a witness presented by both parties.
 
 
 11
 ....
 
 
 12
 ... That is a matter of fact as to which both the United States and the defendant agree. There is no factual dispute with respect to that item, and it is an item of evidence that you may consider in reaching your verdicts in this case; but the weight you give it is, as with all matters of evidence in this case, is up to you.
 
 
 13
 Defense counsel never formally objected to the court's instructions or the government's opening and closing arguments that stated a stipulated fact is solely a piece of evidence to be weighed by the jury in a criminal trial and is not conclusive as to the matter stipulated. And only once, during a conference in chambers, did defense counsel attempt to have the court instruct the jury that the stipulation of fact was to be treated as conclusive.
 
 
 14
 The jury found defendant guilty on six of the eight counts charged, and not guilty on the remaining two counts. The essence of her appeal goes to the district judge's handling of the stipulation.
 
 
 15
 Because defense counsel failed to object to the district court's position that the stipulation of fact was not binding on the jury, we must review defendant's issue under the plain error standard. Under Fed.R.Crim.P. 52(b), courts of appeals are vested with a limited power to correct error that was forfeited because it was not timely raised in the district court. The forfeited error may be noticed only if it is plain in the sense that it is clear or obvious, and if it affects substantial rights, which means that it is prejudicial in the usual sense that it can be said to have affected the outcome of the district court proceedings. The defendant bears the burden of persuasion with respect to prejudice. A court of appeals should not exercise its discretion to correct forfeited error unless the error was of the magnitude that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 113 S.Ct. 1770, 1776 (1993).
 
 
 16
 Because the district court's instructions concerning the stipulation were obviously erroneous and failure to correct the error would result in a miscarriage of justice, we will exercise our discretion to notice the error. See United States v. Young, 470 U.S. 1, 15 (1985). The law in the Sixth Circuit on the effect of a stipulation of fact is clear: "Stipulations voluntarily entered by the parties are binding, both on the district court and on [the appeals court]." FDIC v. St. Paul Fire and Marine Ins. Co., 942 F.2d 1032, 1038 (6th Cir.1991) (citing Unicore, Inc. v. Tennessee Valley Auth., 768 F.2d 109, 112 (6th Cir.1985); Brown v. Tennessee Gas Pipeline Co., 623 F.2d 450, 454 (6th Cir.1980)); see also United States v. Renfro, 600 F.2d 55, 59 (6th Cir.1979) (stating that stipulation as to authenticity of business records must be accepted, even though jury may still weigh credibility of the information contained in the authenticated records). The court in St. Paul Fire and Marine explained the need for stipulations of fact to be binding, both for reasons of efficiency at trial and to avoid strategic behavior by the parties at trial. St. Paul Fire and Marine, 942 F.2d at 1038. Therefore, the district court erred when it advised the jury that it could weigh the evidence as to defendant's insanity.
 
 
 17
 Furthermore, the district court's error prejudiced defendant's cause, since a proper application of the law would have changed the outcome. Under the United States Code, it is an affirmative defense that, at the time of the conduct at issue, as the result of a severe mental disease or defect, a defendant was unable to appreciate the nature and quality or wrongfulness of the conduct. That is precisely what the parties stipulated--that defendant's mental state qualified her for the insanity defense.[2] Accordingly, once the district court accepted the binding stipulation of fact that proved the elements of the insanity defense, that defense had been made out as a matter of law, and there was nothing about the defense for the jury to resolve. It follows that the jury could no longer find defendant guilty of the crimes charged, since establishing the insanity defense obviated a finding of guilty.
 
 
 18
 Here, the district court gave the jury three options--to find defendant "guilty," "not guilty," or "not guilty by reason of insanity." However, in view of the stipulation, the jury was permitted only two options. The trial judge should have instructed the jury to first determine if the elements of the crimes had been made out--if defendant had engaged in the conduct that would constitute the crimes. If she had not, then the verdict would be "not guilty." On the other hand, if the jury concluded that she had engaged in that conduct, then the stipulation prevented a verdict of "guilty," since the defense of insanity had been made out, and the jury would be required to return a verdict of "not guilty by reason of insanity." Here, the jury concluded that defendant had not committed the conduct charged in two of the counts and found her "not guilty." Those verdicts, of course, must stand. However, once the jury found that she had committed the acts charged in the other six counts, it was error for the district court to permit it to return the verdicts of "guilty."
 
 
 19
 Although the government contends on appeal that its intention was for the stipulation to replace the testimony of Dr. Conroy, that intention was not made clear to the trial judge and failed to find its way into the language of the stipulation. And so we are left with a situation where, for reasons that are not apparent to us from the record, the government elected to stipulate away its case. Once it entered into a binding stipulation of fact that defendant had made out her insanity defense, it was in no position to argue that she was guilty of the crime as charged. The district court's failure to properly instruct the jury on the effect of the stipulation, and to allow the jury to find defendant guilty, amounted to plain error.
 
 
 20
 Because this issue is dispositive, we need not address defendant's other assignments of error.
 
 
 21
 The judgments of conviction are reversed, and this cause is remanded to the district court with instructions to enter judgments on the six counts that defendant is not guilty by reason of insanity, and for further proceedings according to law.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 FedR.Evid. 704 provides:
 (a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.
 (b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.
 Rule 704(b) was adopted in 1984 to try to moderate the battle of the experts when mental state is an ultimate issue. Michael H. Graham, Federal Practice and Procedure Sec. 6662 (Interim Edition 1992).
 
 
 [2]
 18 U.S.C. Sec. 17 provides:
 (a) Affirmative defense.--It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.
 (b) Burden of proof.--The defendant has the burden of proving the defense of insanity by clear and convincing evidence.