GROSS, Judge.
The state challenges an order suppressing evidence.[1] We deny certiorari, because when the record testimony is viewed under the proper standard for appellate review, there is sufficient evidence to support the trial court’s ruling.
The state contests an order granting the defendant’s motion to suppress statements. The primary focus of the defendant’s motion in the trial court was a variation in the standard warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, reh’g denied sub nom, California v. Stewart, 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966). Before taking the defendant’s statement, the investigating detective gave the defendant her Miranda warnings. Included in the warnings was the statement that “[ajnything you say can and will be used either for you or against you in a court of law.” The basis of the motion was not only the discrepancy in the warnings given, but an attack on the voluntariness of the confession. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); State v. Kettering, 483 So.2d 97 (Fla. 5th DCA), review denied, 494 So.2d 1153 (Fla.1986).
Three weeks after the motion hearing, the trial court’s order granted the defendant’s motion to suppress without any explanation or findings of fact. There is no requirement that such an order contain findings of fact or legal reasoning.
To review this type of order, an appellate court applies several principles. First, it interprets “the evidence and reasonable inferences and deductions in a manner most favorable to sustaining the trial court’s ruling.” Owen v. State, 560 So.2d 207, 211 (Fla.), cert. denied, 498 U.S. 855, 111 S.Ct. 152, 112 L.Ed.2d 118 (1990), receded from on other grounds, 696 So.2d 715 (Fla.1997); B.S. v. State, 548 So.2d 838 (Fla. 3d DCA 1989). This principle is especially important when reviewing a court’s order on the voluntariness of a confession, since some of the factors that pertain to the issue — such as the emo *451 tional maturity of the juvenile — are not apparent from a cold record.
Second, the reviewing court will presume that the trial court applied the correct law. See Jones v. State, 612 So.2d 1370, 1373 (Fla.1992), cert. denied, 510 U.S. 836, 114 S.Ct. 112, 126 L.Ed.2d 78 (1993). Third, even where a trial court’s stated reasons for ruling are erroneous, an appellate court will affirm if the result is right but for the wrong reason. E.g., Howard v. State, 462 So.2d 31, 32 (Fla. 1st DCA 1984), review denied, 475 So.2d 694 (Fla.1985).
Contrary to the defendant’s argument to the trial court, the detective’s variation on the Miranda warnings did not automatically require suppression of the defendant’s statements. In California v. Prysock, 453 U.S. 355, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981), the Supreme Court held that Miranda does not require a “tal-ismanic incantation” to satisfy its requirements. Rather, all that is required is that the warnings be equivalent to those set out in Miranda and that they adequately convey the defendant’s rights and options. Id. at 360-61, 101 S.Ct. at 2809-10.[2]
Our supreme court followed Prysock in State v. LeCroy, 461 So.2d 88 (Fla.1984), cert. denied, 473 U.S. 907, 105 S.Ct. 3532, 87 L.Ed.2d 656 (1985), a ease in which the Miranda warnings were followed by “refresher” advice; the interrogating officer told the suspect that “[t]his statement is taken primarily in order to refresh your memory at the time you may be called upon to testify, if and when this matter goes to court.” Acknowledging Prysock’s rejection of a “talismanic incantation,” the supreme court held that the deviation from Miranda must be viewed in the “totality of circumstances” to determine whether a statement was voluntarily given. Id. at 90.
Other than the glitch in the Miranda warning, there was testimony adduced at the hearing which would support the trial court’s order. The defendant was fourteen years old. She was at home with her little sister when a detective arrested her for strong arm robbery. He handcuffed her, placed her in the patrol car and took her to the police station. At the station he took her to a brightly lit interrogation room. He did not call the defendant’s mother prior to interrogation and did not tell the defendant that she could have her parent present with her during questioning. The defendant testified that the detective said that it would be in her best interest to give a statement because he would go to court and tell the judge that she had been cooperative. She said that she talked to the detective because her mother had previously told her that it is best to cooperate with people and to be polite to adults.
It has long been the law of this state that in order for a confession or an incriminating statement of a defendant to be admissible in evidence, it must be shown that the confession or statement was voluntarily made. E.g., Coffee v. State, 25 Fla. 501, 6 So. 493, 496 (1889). The burden of proof is on the state to establish voluntariness by a preponderance of the evidence. Kettering, 483 So.2d at 98. To determine the issue of vol-untariness, the inquiry is
whether the confession was “free and voluntary; that is (it) must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.”
Brewer v. State, 386 So.2d 232, 235 (Fla.1980) (quoting Bram v. United States, 168 U.S. 532, 542-43, 18 S.Ct. 183, 187, 42 L.Ed. 568 (1897)).
Viewed in the light most favorable to the defendant, the totality of the circumstances surrounding the confession support the trial court’s ruling that the confession was involuntary. See Frazier v. State, 107 So.2d 16 *452 (Fla.1958); Bradley v. State, 356 So.2d 849 (Fla. 4th DCA), cert. denied, 360 So.2d 1247 (Fla.1978); M.D.B. v. State, 311 So.2d 399 (Fla. 4th DCA), cert. denied, 321 So.2d 555 (Fla.1975); Snipes v. State, 651 So.2d 108, 110-11 (Fla. 2d DCA 1995); Fillinger v. State, 349 So.2d 714 (Fla. 2d DCA 1977), cert. denied, 374 So.2d 101 (Fla.1979); B.S. v. State, 548 So.2d 838 (Fla. 3d DCA 1989). The dissent has impermissibly substituted its judgment for that of the trial court. See DeConingh v. State, 433 So.2d 501, 504 (Fla.1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984). The dissent’s characterization of the evidence violates the established rule of appellate review and ignores a view of the evidence that would support the trial court’s decision.
The dissent also relies on comments made by the trial judge during the hearing as a basis for reversal, assuming that he interpreted the remainder of the evidence in a manner consistent with the dissent’s view of it. The order under appeal was entered over three weeks after the hearing. The give and take of oral argument is as important at the trial level as at the appellate level. Trial judges may think out loud and then change their mind in the quiet of their study, just as appellate judges may see the light after oral argument contrary to the result that their questions in court might have suggested. There is no precedent for upsetting established rules of appellate review by giving undue weight to a trial court’s oral comments.
Petition for writ of certiorari denied.
STEVENSON, J„ concurs.
FARMER, J., dissents with opinion.

. We treat the state’s attempt to appeal the order as a petition for writ of certiorari. In re T.K., 569 So.2d 943 (Fla. 4th DCA 1990). We note thal effective January 1, 1997, Florida Rule of Appellate Procedure 9.145(c) would provide for review by non-final appeal.

. We note that cases in other states have held that deviations in Miranda warnings similar to the one in this case — that anything a suspect says can be used “for or against you”did not, standing alone, sufficiently dilute Miranda so that suppression was required. See, e.g., Anderson v. State, 45 Ala.App. 653, 235 So.2d 902 (Ala.Crim.App. 1969), cert. denied sub nom, Ex parte State ex rel. Attorney General, 285 Ala. 756, 235 So.2d 906 (1970); see also Sampson v. State, 250 Ind. 625, 237 N.E.2d 254, reh’g denied, 250 Ind. 625, 238 N.E.2d 458 (1968); Lloyd v. State, 223 Term. 1, 440 S.W.2d 797 (1969); Madkins v. State, 50 Wis.2d 347, 184 N.W.2d 144 (1971).